THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM M. PATTERSON, Defendant-Appellant.

Second District   No. 2—07—0472

Opinion filed June 16, 2009.

Thomas A. Lilien and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellant.

Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHOSTOK delivered the opinion of the court:

William M. Patterson appeals the trial court's order denying his motion to dismiss charges in Boone County of driving while his license was revoked (625 ILCS 5/6—303 (West 2004)), operating an uninsured vehicle (625 ILCS 5/3—707 (West 2004)), and illegal transportation of alcohol (625 ILCS 5/11—502 (West 2004)). He contends that the State failed to bring him to trial within 160 days under section 3—8—10 of the Unified Code of Corrections (the intrastate detainers statute) (730 ILCS 5/3—8—10 (West 2004)) and section 103—5(b) of the Code of Criminal Procedure of 1963 (the speedy-trial statute) (725 ILCS 5/103—5(b) (West 2004)). However, Patterson failed to appear in court after he made his speedy-trial demand. Thus, we determine that Patterson waived his demand under the plain language of section 103—5(b), which states that any "failure to appear" waives a demand made under that section. Accordingly, we affirm.

## I. BACKGROUND

Patterson was charged on April 2, 2004. He was released on bail, and his bond required him to provide written notification of any change of address to the clerk of the court within 24 hours after the change. On May 14, 2004, Patterson did not appear for his arraignment. The trial court ordered Patterson's bond forfeited and issued a bench warrant for his arrest. On June 25, 2004, Patterson did not appear, and the bond forfeiture was finalized.

On October 25, 2005, the trial court filed a speedy-trial demand that Patterson had sent under the intrastate detainers statute. The demand was dated October 19, 2005. In the demand, Patterson stated that on August 22, 2005, he was convicted in Cook County of driving while his license was revoked and was sentenced to one year of incarceration. He further stated that one year remained to be served.

On November 3, 2005, Patterson was released from incarceration in Cook County. Nothing in the record shows that he informed Boone County of where he could be found after he was released.

On January 19, 2006, Patterson failed to appear. The State informed the court that Patterson had been released from custody in Cook County, and the court set a date of March 2, 2006, for status on the speedy-trial demand. Patterson again failed to appear at the March 2, 2006, hearing. The record is silent about whether he was notified of the court dates. The court ordered the bench warrant to remain outstanding and, on July 11, 2006, Patterson was arrested and posted bond. On July 21, 2006, Patterson failed to appear, and another warrant was issued. He was arrested on November 7, 2006.

On November 16, 2006, Patterson moved to dismiss, alleging that he had not been brought to trial within 160 days as required by the intrastate detainers and speedy-trial statutes. In his motion, Patterson stated that he was released from Cook County on parole and had not been notified of his court dates.

The parties filed a bystander's report of the hearing on the motion. Patterson argued that the State had notice of his demand and that he was still in State custody when he was released on parole. He also argued that he did not receive notice of his court dates and, because he was still in custody through his parole, he was not required to notify the circuit court clerk of any address changes. Patterson noted that the record did not show that he failed to notify his parole supervisor of any address changes, and he argued that the State had an affirmative duty to check the records to learn that he was on parole. The State responded that Patterson filed his demand shortly before his release to prevent the State from obtaining a writ to bring him to Boone County before his release. The State noted that Patterson failed to notify the court of his address before, during, and after his incarceration, and thus the State was unable to contact him. The court denied the motion to dismiss.

Patterson moved to reconsider, and a hearing was held. Patterson argued that it was the State's burden to locate him while he was released on parole. He also argued that he was not required to notify the court of his location under his bail bond because, when the bond was forfeited, he was no longer admitted to bail. The court found that, when Patterson was released on parole, he had an outstanding warrant and failed to take any steps to notify the State of his location. The court then denied the motion.

Patterson was convicted, and on May 4, 2007, he was sentenced to one year of conditional discharge and 180 days' incarceration in the Boone County jail, with 90 days of his sentence stayed. Patterson did not file any posttrial motions. He appeals.

## II. ANALYSIS

### A. Forfeiture for Failing to Include the Speedy-Trial Issue in a Posttrial Motion

■ The State initially contends that Patterson forfeited his speedy-trial claim because he failed to include the issue in a posttrial motion.

A speedy-trial claim may be forfeited where the defendant failed to assert the claim in a posttrial motion. See *People v. Exson*, 384 Ill. App. 3d 794, 798 (2008), citing *People v. Peco*, 345 Ill. App. 3d 724, 728 (2004); *People v. Turley*, 235 Ill. App. 3d 917, 919 (1992); see generally *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (trial objection and a written posttrial motion raising the issue are required for alleged errors that could have been raised during trial). However, addressing a sentencing issue, our supreme court recently held that the purpose of preserving a claim of error is met, and there is no forfeiture, "where the trial court clearly had an opportunity to review the same essential claim that was later raised on appeal." *People v. Heider*, 231 Ill. 2d 1, 18 (2008).

In *Exson*, the First District applied *Heider* and addressed a defendant's speedy-trial claim when the defendant vigorously objected to a continuance requested by the State and filed a motion to dismiss that was denied by the trial court. The appellate court noted that, based on the trial court's comments in granting the State's motion for a continuance, raising the issue in a written posttrial motion would not have changed the outcome in the trial court. The court further observed that the defendant's rights under the speedy-trial statute are underpinned by the right to a speedy trial under both the United States and the Illinois Constitutions. Thus, in light of those factors, the court considered the defendant's contentions. Likewise, in *People v. Schoo*, 55 Ill. App. 3d 163, 166 (1977), we too considered speedy-trial issues that were clearly presented to the trial court but were not included in a posttrial motion.

Here, the speedy-trial issue was fully considered by the trial court, both at a hearing on the initial motion to dismiss and at a hearing on a motion to reconsider before trial began. Accordingly, we consider Patterson's arguments on appeal.

### B. Waiver of the Speedy-Trial Demand for Failure to Appear

Patterson argues that, because he was released from incarceration on parole, his speedy-trial demand made under the intrastate detainers statute remained in effect and 160 days passed between his demand and the date of trial, entitling him to a discharge. The State does not dispute that, for purposes of the intrastate detainers statute, Patter-

son remained in custody when he was released on parole.[1] It contends, however, that Patterson waived his speedy-trial demand under section 103—5(b) by failing to appear after he filed his demand.

"The right to a speedy trial is guaranteed by the Federal and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8)." *People v. Staten*, 159 Ill. 2d 419, 426 (1994). A criminal defendant in Illinois also has a statutory right to a speedy trial. 725 ILCS 5/103—5 (West 2004). The speedy-trial statute enforces the constitutional right to a speedy trial, and its protections are to be liberally construed in favor of the defendant. *People v. Buford*, 374 Ill. App. 3d 369, 372 (2007). "[T]he statutory right to a speedy trial is not the precise equivalent of the constitutional right." *Staten*, 159 Ill. 2d at 426. "Proof of a violation of the statutory right requires only that the defendant has not been tried within the period set by statute and that defendant has not caused or contributed to the delays." *Staten*, 159 Ill. 2d at 426. When we address a legal question, our standard of review is *de novo. People v. King*, 366 Ill. App. 3d 552, 554 (2006).

■ "[T]he Illinois legislature has enacted three principal speedy-trial statutes." *King*, 366 Ill. App. 3d at 554; see *People v. Wooddell*, 219 Ill. 2d 166, 174 (2006). Section 103—5(a) of the speedy-trial statute provides an automatic 120-day speedy-trial right for a person held in custody on the pending charge and does not require such a person to file a demand to exercise that right. 725 ILCS 5/103—5(a) (West 2004). Section 103—5(b) of the speedy-trial statute contains a 160-day speedy-trial right for a person released on bond or recognizance, and the period begins to run only when the accused files a written speedy-trial demand. Finally, the intrastate detainers statute applies the speedy-trial period contained in section 103—5(b) to a person committed to the Department of Corrections who has charges pending, provided that he or she serves a written demand. 730 ILCS 5/3—8—10 (West 2004); see *King*, 366 Ill. App. 3d at 554-55; *People v. Penrod*, 316 Ill. App. 3d 713, 717 (2000). "Thus, under the intrastate detainers statute, a person already incarcerated on an unrelated charge enjoys the exact same speedy-trial right as someone released on bond or recognizance—that is, a 'statutory right to be tried within 160 days.' " *Wooddell*, 219 Ill. 2d at 172, quoting *Staten*, 159 Ill. 2d at 428.

The intrastate detainers statute provides:

"Except for persons sentenced to death, subsection (b), (c) and (e) of Section 103—5 of the Code of Criminal Procedure of 1963

---

[1] A speedy-trial demand made under the intrastate detainers statute remains effective after a defendant is released from incarceration on mandatory supervised release. *People v. Sitkowski*, 382 Ill. App. 3d 1072, 1076 (2008).

shall also apply to persons committed to any institution or facility or program of the Illinois Department of Corrections who have untried complaints, charges or indictments pending in any county of this State, and such person shall include in the demand under subsection (b), a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him or her to be tried and the county of the charges, and the demand shall be addressed to the state's attorney of the county where he or she is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the Department of Corrections institution or facility to which he or she is committed. The state's attorney shall then procure the presence of the defendant for trial in his county by habeas corpus. Additional time may be granted by the court for the process of bringing and serving an order of habeas corpus ad prosequendum. In the event that the person is not brought to trial within the allotted time, then the charge for which he or she has requested a speedy trial shall be dismissed." 730 ILCS 5/3—8—10 (West 2004).

Section 103—5(b) provides:

"Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, by an examination for fitness ordered pursuant to Section 104—13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal. *The defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial made under this subsection.*" (Emphasis added.) 725 ILCS 5/103—5(b) (West 2004).

The statutory language concerning waiver of the demand was added relatively recently, becoming effective January 1, 2000. Pub. Act 91—123, §5, eff. January 1, 2000. Thus, there is a lack of case law concerning the provision. However, basic principles of statutory construction apply.

Although both the speedy-trial statute and the intrastate detainers statute deal with the defendant's right to a speedy trial, the intrastate detainers statute is a particular enactment that applies only to persons committed to the custody of the Department of Corrections. *Penrod*, 316 Ill. App. 3d at 718. Statutes relating to the same subject matter must be construed together so that effect may be given to all the provisions of each statute if it can be done by a fair and reasonable construction, and we presume that all statutes relating to one subject are governed by one policy and that the legislature intended them to

be operative and harmonious. *Penrod*, 316 Ill. App. 3d at 718. The intrastate detainers statute does not conflict with but somewhat qualifies the speedy-trial statute. *Penrod*, 316 Ill. App. 3d at 718.

A fundamental principle of statutory construction is that, when interpreting a statute, a court must give effect to the legislature's intent, the best indication of which is the language of the statute, given its plain and ordinary meaning. *Buford*, 374 Ill. App. 3d at 373. When the statute's language is clear and unambiguous, a court must apply the statute without resort to further statutory-construction aids. *Wooddell*, 219 Ill. 2d at 171.

■ Here, Patterson failed to appear in January and March 2006, and again in July 2006. We might be willing to presume that a waiver can occur only when the defendant had notice of a missed date. However, Patterson does not deny that he had notice of the July date, and thus he clearly waived his demand at that point. Section 103—5(b) says nothing to indicate that a waiver can occur only before the speedy-trial period has run. Indeed, the running of the period means only that a defendant can *enforce* his or her demand; it does not mean that he or she cannot waive it.

Patterson points to *Sitkowski* for the proposition that a failure to appear will not waive the demand under section 103—5(b). However, in *Sitkowski*, the defendant failed to appear before he made a speedy-trial demand. *Sitkowski*, 382 Ill. App. 3d at 1076. Thus, when the defendant failed to appear, there was no demand to waive. Here, Patterson demanded a speedy trial and then did not appear after the demand was made. Therefore, *Sitkowski* is not applicable.

Further, we note that, waiver aside, Patterson contributed to the delay by filing shortly before his release a demand that incorrectly stated that he had one year remaining to serve on his Cook County sentence. He then did not notify the trial court of his location.

Section 103—5(f) provides that "[d]elay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried." 725 ILCS 5/103—5(f) (West 2004). "A defendant is considered to have occasioned a delay when he requests a continuance, agrees to a continuance, or when his actions otherwise cause or contribute to the delay." *People v. Hatch*, 110 Ill. App. 3d 531, 537 (1982). "[I]n seeking a discharge, the defendant bears the burden of showing that his right to a speedy trial has been violated." *People v. Boyce*, 51 Ill. App. 3d 549, 554 (1977). "This burden includes a demonstration that he caused no delay, which fact must be affirmatively established by the record." *Boyce*, 51 Ill. App. 3d at 554.

Patterson has not shown that he could be located by the State after he misrepresented his remaining term of incarceration and did not notify the court of his change of address—something required by his previous bond. Thus, he contributed to the delay. Patterson contends that he was not required to notify the court of his address after his bond was forfeited and that the State could have found him through his parole records. He also asserts that the State failed to show that he did not notify his parole officer of his location. But Patterson bore the burden of showing that he did not contribute to the delay, and he did not present evidence about who knew of his location after his release. Thus, he has not provided a record that affirmatively shows that his actions did not contribute to the delay.

## III. CONCLUSION

Patterson waived his speedy-trial demand by failing to appear. Accordingly, the judgment of the circuit court of Boone County is affirmed.

Affirmed.

JORGENSEN and HUDSON, JJ., concur.