# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Higgenbotham*, 2012 IL App (1st) 110434

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOANN HIGGENBOTHAM, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-11-0434 |
| Filed<br>Rehearing denied | June 28, 2012<br>July 24, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A defendant's absence from court due to physical incapacitation supported a temporary suspension of the running of the speedy trial period, but her subsequent failures to appear without prior communication with her counsel or the court operated as a waiver of the demand such that a new term began to run when she next appeared and demanded a speedy trial. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. TP-311029, TP-311030, TP-311031, TP-311032, TP-311033; the Hon. Thomas Lyons, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Veronica Calderon Malavia, and Kalia M. Coleman, Assistant State's Attorneys, of counsel), for the People.

Abishi C. Cunningham, Jr., Public Defender, of Chicago (Harold J. Winston, Assistant Public Defender, of counsel), for appellee.

Panel

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Presiding Justice Lavin and Justice Sterba concurred in the judgment and opinion.

## OPINION

¶ 1     The State appeals an order of the circuit court granting defendant Joann Higgenbotham's motion to dismiss multiple traffic law violations on speedy trial grounds. On appeal, the State argues that the circuit court's order fails to accord with the plain language of the speedy trial statute (725 ILCS 5/103-5(b) (West 2008)) as well as relevant case law interpreting that provision. For the reasons explained herein, we reverse the judgment of the circuit court.

¶ 2                                        I. BACKGROUND

¶ 3     On February 23, 2008, defendant was arrested and charged with multiple traffic law violations, including: failure to render aid (625 ILCS 5/11-403 (West 2008)); operating a motor vehicle without insurance (625 ILCS 5/3-707 (West 2008)); driving under the influence (625 ILCS 5/11-501(a)(4) (West 2008)); driving on a suspended license (625 ILCS 5/6-303(a) (West 2008)); and leaving the scene of an accident involving an unattended vehicle (625 ILCS 5/11-404 (West 2008)).

¶ 4     Following her arrest, defendant was released on her own recognizance with bail set at $3,000. Defendant failed to appear in court on March, 20, 2008, her initial court date, and the court issued a bond forfeiture warrant (BFW). The trial court subsequently quashed and recalled the BFW when defendant appeared on the judgment date. Another BFW was entered on July 10, 2008, when defendant failed to appear in court a second time, but was later quashed and recalled when she appeared on the judgment date. Thereafter, the cause was set for trial on October 30, 2008. Defendant, however, failed to appear on the trial date and the trial court issued a third BFW. This BFW was also subsequently quashed and recalled when defendant appeared in court on the judgment date. The trial date was then rescheduled for January 21, 2009. On that date, both parties entered appearances but neither party answered ready for trial, and a new trial date of March 25, 2009, was set by agreement. On that date, the trial court called the case but defendant was not present and the court issued yet another BFW. Defendant did appear in court later that day, however, and at that time the BFW was quashed and recalled and the parties agreed to a new trial date: June 9, 2009. Defendant,

however, failed to appear on the June 9, 2009, trial date and another BFW was entered and the cause continued to June 23, 2009. Defendant also failed to appear in court on June 23, 2009, and the court issued a sixth BFW.

¶ 5 By agreement, the parties set a new trial date for November 20, 2009. On this court date, defendant answered ready for trial but the State answered not ready. Defendant immediately filed her first demand for a speedy trial and the cause was continued to January 5, 2010. On that date, both parties appeared in court but the State answered not ready for trial and defendant filed her second written demand for a speedy trial. The cause was then continued to April 23, 2010, at the request of the State. On that date, defendant was not present and defense counsel informed the court that she had been hospitalized in the intensive care unit at Mercy Hospital. Defense counsel then provided the court and the State with a note written by defendant's treating physician that stated: "To whom it may concern: This letter is to certify that Ms. Joann Higgenbotham (DOB 11/29/42) is currently admitted to Mercy Hospital Intensive Care Unit and will [be] unable to participate in scheduled court case." Defense counsel thus sought a continuance pursuant to section 114-4(i) of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/114-4(i) (West 2008)), as a result of defendant's documented physical incapacity. Given defendant's medical state, the trial court granted defendant's motion for a continuance until May 18, 2010. Because the case was "on term" the State also sought leave for an additional 21 days to be added to the speedy trial term, and the court instructed the State to "argue it on the next court date."[1]

¶ 6 On May 18, 2010, defendant failed to appear in court. Defense counsel informed the court that she had been unable to reach defendant or any member of defendant's family since defendant's hospitalization and requested the court to continue the cause for one week. The State objected to defense counsel's request for a continuance and requested the court to issue another BFW. The trial court denied the State's warrant request but indicated it would issue a warrant if defendant failed to appear on the next court date. The court then continued the case to May 25, 2010. On that date, defendant failed to appear in court once again. Defense counsel had no information about defendant's whereabouts and the State renewed its request for a BFW. The court instructed defense counsel to "[g]et letters out to everybody" and entered and continued the State's request for a BFW. The court indicated that the warrant would be issued on the next court date if defendant failed to appear. The trial court then continued the cause to June 22, 2010.

¶ 7 On that date, defendant appeared and presented the court with another doctor's note that stated that she had been hospitalized at RML Specialty Hospital for acute respiratory failure from May 4, 2010, to June 2, 2010, which served to explain her two most recent absences from court. The parties then agreed to a new trial date: September 1, 2010. On that date,

---

[1]The 21-day extension was never argued at a subsequent court date; however, it does not impact the decision as both parties agree that an additional 21 days would have had no effect on the calculations that are part of the instant appeal. By defendant's calculation, the State exceeded the speedy trial term by 57 days, rendering a 21-day extension immaterial. Pursuant to the State's argument, the defendant waived her speedy trial demand and a new term commenced on September 1, 2010, when she filed her third demand, and thus its prior request for an extension was of no consequence.

however, the State again answered not ready for trial and defendant filed her third demand for a speedy trial. At the State's request, the cause was continued to October 28, 2010. On the October 28, 2010, trial date, the State answered ready but defendant filed a motion to dismiss, alleging that her right to a speedy trial had been violated. In her motion, defendant observed that she had filed her first demand for a speedy trial on November 20, 2009, and that as of October 28, 2010, 210 days had passed since her first demand, which far exceeded the 160-day time limitation set forth in the speedy trial statute. Defendant calculated her speedy trial term as follows:

"November 20, 2009 to January 5, 2010 (46 days)

January 5, 2010 to April 23, 2010 (107 days)

September 1, 2010 to October 28, 2010 (57 days)

Total: 210 days"

¶ 8       The trial court conducted a hearing on defendant's motion that day. At the hearing, the State calculated defendant's speedy trial term to be 57 days. The State argued that the term had started over on September 1, 2010, when defendant made her third demand for a speedy trial. To support its calculation, the State cited section 103-5 of the speedy trial statute (725 ILCS 5/103-5 (West 2008)) and this court's decision in *People v. Zakarauskas*, 398 Ill. App. 3d 451 (2010), and argued that a defendant's failure to appear in court operates as a waiver of her demand for a speedy trial. Because defendant failed to appear at three scheduled court dates during her illness, the State argued that defendant's prior speedy trial demands were waived.

¶ 9       Defendant disputed the State's interpretation of relevant case law and statutory authority. Specifically, defendant argued that pursuant to this court's ruling in *Zakarauskas*, waiver only occurs where a defendant's absence is unexplained. Because defendant provided the court with doctors' notes and explained her failures to appear, defendant argued that her speedy trial term was merely tolled during the dates of her hospitalization. To further support her argument, defendant directed the court to section 114-4(i) of the Criminal Code (725 ILCS 5/114-4(i) (West 2008)) and argued that pursuant to that provision, a defendant's physical incapacity merely suspends, rather than waives, a defendant's demand for a speedy trial.

¶ 10      After hearing the arguments of the parties, the court granted defendant's motion to dismiss. In doing so, the court stated:

"[Defendant] was hospitalized. *** And I have no reason to believe she was belingering [*sic*]. I think she probably was in dire need of serious medical treatment. State, I know this is a draconian, that the relief sought by the Defense is very draconian in this case but I can also see why [defendant] in her fragile state would have been anxious to get this case released and at her attorneys urging get the case for trial. I do have, I have been satisfied with the documentation provided *** on behalf of [defendant] that she was incapacitated and hospitalized and to no fault of her own missed court. And therefore, I am reluctant to find that the delay was occasioned by the defendant."

¶ 11      The State subsequently filed a motion to reconsider the court's dismissal. After hearing the arguments of the parties, the court denied the State's motion. The court explained its rationale as follows:

-4-

"[T]he State is urging me to feel [*sic*] that [defendant's] failure to appear when she was in the intensive care unit should operate at the effect of a bond forfeiture warrant where she voluntarily relinquished her right to a speedy trial by failing to appear in court, and that the [S]tate should get a[n] entire new term.

The Defense urges me to treat that failure to appear because she was in the intensive care unit as a motion defendant something that would simply toll the term. I think that accurately describes both parties['] positions and I think that was discussed last time.

There are a couple of unusual twists in this case. The fact that there was a repeated request for a bond forfeiture warrant, it was entered and continued but the warrant was never issued. We also had at one point a request by the State for an extension of the term. ***

Never the less [*sic*], after carefully considering all of the evidence and the arguments made by counsel and carefully reviewing the State's motion to reconsider, and again reviewing the appropriate case law, I see nothing new, no new arguments to persuade me that I have erred, my initial inclination was in error.

I do feel that the defendant's failure to appear because she was in the intensive care unit and the physical observation, the in-court observation made by this Court about the defendant's obvious physical difficulties in health concerns which prevented her from coming to court we're [*sic*] not willful and she did not voluntarily relinquish the right to a speedy trial."

¶ 12    This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14    On appeal, the State argues that defendant waived her demand for a speedy trial when she failed to appear in court on three consecutive court dates, and thus, the trial court erred in granting defendant's motion to dismiss. In support, the State cites to section 103-5(b) of the speedy trial statute (725 ILCS 5/103-5(b) (West 2008)) and this court's decisions in *People v. Zakarauskas*, 398 Ill. App. 3d 451 (2010), and *People v. Minor*, 2011 IL App (1st) 101097.[2] The State maintains that "[t]he unambiguous language of the [speedy trial statute] and this court's interpretation of it in *Zakarauskas* [and *Minor*] establish that a defendant's failure to appear, explained or otherwise, waives his or her speedy trial demand."

¶ 15    In response, defendant argues that the trial court did not err in granting her motion to dismiss because she "had a valid reason for missing court dates," namely, the decline of her health that resulted in her hospitalization. Because her absence from court was the "result of a genuine hospitalization," defendant argues that it should not be treated like the absences discussed in *Zakarauskas* and *Minor*. Instead, defendant urges this court to treat her failure to appear in court as an "unavoidable absence" which was a "delay occasioned by the defendant as provided for by Section 103-5(f) of the [speedy trial statute]" that merely

---

[2]Our decision in *People v. Minor* was issued while the instant appeal was pending, and thus neither party initially addressed the opinion in their opening briefs. Because this opinion is relevant to the appeal, defendant filed a supplemental brief in which she discussed the implication of that decision while the State addressed its implications in its reply brief.

suspended, rather than waived, her prior speedy trial demand.

¶ 16    A criminal defendant has both a constitutional and statutory right to a speedy trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; 725 ILCS 5/103-5 (West 2008); *People v. Staten*, 159 Ill. 2d 419, 426 (1994). The Illinois speedy trial statute is codified in section 103-5 of the Criminal Code (725 ILCS 5/103-5 (West 2008)). This statute enforces a defendant's constitutional right to a speedy trial and courts have held that its protections are to be liberally construed in a defendant's favor. *People v. Zeleny*, 396 Ill. App. 3d 917, 919-20 (2009); *People v. Patterson*, 392 Ill. App. 3d 461, 465 (2009). To establish a violation of a defendant's right to a speedy trial, it only needs to be established that the defendant has not been tried within the statutory period and that the defendant has not caused or contributed to the delay. *Zeleny*, 396 Ill. App. 3d at 920; *Patterson*, 392 Ill. App. 3d at 465. Ultimately, the defendant bears the burden of establishing a violation of his or her speedy trial rights. *Patterson*, 392 Ill. App. 3d at 467.

¶ 17    The instant appeal requires this court to interpret several provisions of the Criminal Code. When called upon to construe a statute, the goal of a reviewing court is to ascertain and effectuate the legislature's intent. *People v. Garcia*, 241 Ill. 2d 416, 421 (2011); *People v. Cordell*, 223 Ill. 2d 380, 389 (2006). The best indication of the legislature's intent is found in the plain language of the statute and, accordingly, statutory language should be given its plain and ordinary meaning. *Garcia*, 241 Ill. 2d at 421; *Cordell*, 223 Ill. 2d at 389. Statutory interpretation is a question of law, which is subject to *de novo* review. *Garcia*, 241 Ill. 2d at 421; *Cordell*, 223 Ill. 2d at 385-86.

¶ 18    The statutory provisions at issue here are subsections (b) and (f) of the Illinois speedy trial statute as well as section 114-4(i) of the Criminal Code. The aforementioned speedy trial provisions, in pertinent part, provide as follows:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, by an examination for fitness ordered pursuant to Section 104-13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, by a continuance allowed pursuant to *Section 114-4 of this Act after a court's determination of the defendant's physical incapacity for trial*, or by an interlocutory appeal. *The defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial made under this subsection.*

* * *

(f) Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed by subsection[ ]*** (b) of this Section and on the day of expiration of the delay the said period shall continue at the point at which it was suspended." (Emphases added.) 725 ILCS 5/103-5(b), (f) (West 2008).

The last sentence in subsection (b) of the speedy trial statute that addresses waiver was added to the statute by amendment in 2000. Pub. Act 91-123 (eff. Jan. 1, 2000); *Zakarauskas*, 398 Ill. App. 3d at 453; *Patterson*, 392 Ill. App. 3d at 466.

¶ 19    Section 114-4(i) of the Criminal Code, referenced by subsection (b) of the speedy trial statute, in turn, provides:

-6-

"(i) Physical incapacity of a defendant may be grounds for a continuance at any time. If, upon written motion of the defendant or the State or upon the court's own motion, and after presentation of affidavits or evidence, the court determines that the defendant is physically unable to appear in court or to assist in his defense, or that such appearance would endanger his health or result in substantial prejudice, a continuance shall be granted. *** *Such continuance shall suspend the provisions of Section 103-5 of this Act, which periods of time limitation shall commence anew* when the court, after presentation of additional affidavits or evidence, has determined that such physical incapacity has been substantially removed." (Emphasis added.) 725 ILCS 5/114-4(i) (West 2008).

¶ 20 Although no court has yet been called upon to examine the interplay between the Illinois speedy trial statute and section 114-4(i) of the Criminal Code, this court has interpreted the amended speedy trial statute and its effect on a defendant's failure to appear in two recent cases: *People v. Zakarauskas*, 398 Ill. App. 3d 451 (2010), and *People v. Minor*, 2011 IL App (1st) 101097. In *Zakarauskas*, the defendant was arrested and charged with DUI and was released on his own recognizance. The defendant made a demand for a speedy trial in April 2006, and the cause was continued by agreement several times. On October 6, 2006, the date the cause was set for trial, the defendant failed to appear. Defense counsel indicated that there had been a "mix up," but the court issued a BFW. The defendant appeared on the next court date, October 11, 2006, filed a second demand for a speedy trial and a new trial date was set for March 20, 2007. On that date, the defendant appeared and moved to dismiss the case, arguing that his 160-day speedy trial term, which had commenced in April 2006, had elapsed. The State argued that the defendant waived his April 2006 demand when he failed to appear on October 6, 2006, and that a new term began on October 11, 2006, when the defendant filed his second demand for a speedy trial. The trial court initially denied defendant's motion, but then reversed its decision upon reconsideration. The State appealed.

¶ 21 On appeal we reviewed the language of the speedy trial statute and the 2000 amendment thereto and concluded that the trial court erred in dismissing the charges against defendant, explaining:

"From 1977 until the 2000 amendment of section 103-5(b), a delay occasioned by a defendant's failure to appear in court suspended the 160-day speedy trial term. [Citations.]

The plain language of section 103-5(b) as amended in 2000 manifested the legislature's intent to distinguish between a defendant's failure to appear in court from other types of delay, a motion for a continuance, for example, either by the defendant or by agreement. We believe the 2000 'waiver' amendment to section 103-5 controls the disposition of this case. Waiver includes the notion of relinquishment. [Citation.] Defendant here voluntarily relinquished his right to a trial within 160 days of his first speedy trial demand on April 3, 2006. When defendant failed to appear he was no longer on bail. The posted security was forfeited and a warrant was outstanding for his arrest. *** A defendant's failure to appear as required by recognizance constitutes a criminal offense. [Citation.] If we were to treat a BFW incident as comparable to a request for a continuance or other delay, a fugitive defendant would be entitled to a benefit of an earlier speedy trial demand when apprehended and again brought before the court." *Zakarauskas*, 398 Ill. App. 3d at 454.

¶ 22    Thereafter, this court next considered the speedy trial statute in *Minor*. In that case, the defendant was also charged with driving under the influence and was released on her own recognizance. She made her first speedy trial demand on April 21, 2009, and the trial date was set for June 5, 2009. On that date, however, the State was not ready and requested a continuance, and the defendant filed her second demand for a speedy trial. On August 4, 2009, the next court date, the State answered ready for trial, but the defendant failed to appear and the court issued a BFW. The defendant appeared in court the following day, informed the court that she had been at a doctor's appointment and had "mixed up" the court date, and the trial court quashed and recalled the BFW, and continued the case until October 19, 2009, on the defendant's motion. On that date, the State sought a continuance until January 6, 2010, which the trial court granted. On January 4, 2010, before the next court date, the defendant filed a motion to dismiss on speedy trial grounds. The defendant argued that her right to a speedy trial had been violated when the State failed to commence trial within 160 days of her first April 21, 2009, speedy trial demand. In response, the State argued that the defendant waived her right to a speedy trial when she failed to appear on August 4, 2009, and that the term restarted on October 29, 2009, when she filed her second demand. The trial court ultimately granted the defendant's motion to dismiss, and the State filed a motion to reconsider, citing this court's decision in *Zakarauskas*. The trial court, however, denied the State's motion, finding *Zakarauskas* distinguishable because the defendant was not a fugitive when she appeared one day after her scheduled trial date and she provided an explanation for her failure to appear. Because the defendant explained her absence, the trial court found that her speedy trial period was tolled and, thus, her right to a speedy trial was violated when trial did not commence within 160 days of her April 21, 2009, demand.

¶ 23    On appeal, we reversed the trial court's order granting the defendant's motion to dismiss. In doing so, we reiterated that the "2000 amendment to the speedy trial statute clarified that a defendant's failure to appear in court operates as a waiver to a prior demand. [Citation.] The legislature, therefore, distinguished failures to appear from other '[d]elays occasioned by the defendant.' " *Minor*, 2011 IL App (1st) 101097, ¶ 16. Accordingly, we found that when the defendant failed to appear in court on August 4, 2009, she waived her initial speedy trial term that began on April 21, 2009, and that her new speedy trial term began on October 29, 2009, when she filed her new demand. *Id*. ¶ 15. Because the January 6, 2010, trial date fell within 160 days of the October 29, 2009, trial demand, we concluded that the defendant's right to a speedy trial was not violated. *Id*. In doing so, we rejected the defendant's attempt to distinguish *Zakarauskas* and clarified our prior ruling, stating: " 'explained' failures to appear and 'unexplained' failures to appear hold no relevance where there is no such distinction in the language of the statute. *** [I]n *Zakarauskas*, this court did not hold that an explained absence was relieved of the waiver result provided by subsection (b) of the speedy trial statute." *Id.* ¶ 17. Accordingly, relying on the plain language of subsection (b) of the speedy trial statute, we found that the fact that the defendant was able to provide the court with an explanation for her failure to appear was not a relevant consideration in our speedy trial waiver analysis. *Id*.

¶ 24    Keeping this precedent in mind, we turn to the relevant facts in the instant appeal and find that defendant, like the defendants in *Zakarauskas* and *Minor*, waived her speedy trial demand due to her failure to appear in court. Here, defendant made her first speedy trial

demand on November 20, 2009, and the cause was set for trial on January 5, 2010. On that date, however, the State was not ready for trial, and defendant filed her second demand for a speedy trial. The trial court, at the request of the State, continued the cause to April 23, 2010. On that date, defendant was not present in court, but defense counsel addressed the court and provided the court with a doctor's note that stated that defendant had been admitted to the intensive care unit at Mercy Hospital and was unable to participate in court proceedings. Counsel then requested a continuance pursuant to section 114-4(i) of the Criminal Code due to defendant's documented physical incapacity, which the court granted. Although the State suggests this was defendant's first failure to appear that resulted in the waiver of her speedy trial demand, we disagree. We acknowledge that defendant was not physically present; however, defense counsel appeared on her behalf, indicated he had been in communication with her, apprised the court and the State of defendant's health problems, presented a doctor's note attesting to defendant's impaired medical state, and requested a continuance, which was granted without the objection of the State. Accordingly, this was not a "failure to appear, but an absence and the grant of a motion to continue the matter, one of the types of delay that the [*Zakarauskas*] court specifically addressed as not causing a waiver under section 103-5(b)." *People v. Kohler*, 2012 IL App (2d) 100513, ¶ 38 (finding that the defendant's absence from court due to illness was not a failure to appear where defense counsel appeared on his behalf, apprised the court and the village of the defendant's illness, and requested a continuance, which was granted without an objection made by the village).

¶ 25    More problematic, however, were defendant's next two failures to appear in court on May 18, 2010, and May 25, 2010. On both of these occasions, counsel had not been able to communicate with defendant and did not know the reason for defendant's absence. As a result, the State requested the court to enter a BFW on each of the missed court dates. Although the trial court denied the State's request on the May 18, 2010, court date, it later entered and continued the State's request on the May 25, 2010, court date. The trial court explained that it declined to issue the warrant at that time, but indicated that a warrant would be issued if defendant failed to appear on the next court date. After these two absences, defendant did appear at the next June 22, 2010, court date. At that time, she provided the court with a second doctor's note that detailed her hospitalization at RML Specialty Hospital to treat her acute respiratory failure and explained her court absences on May 18, 2010, and May 25, 2010.

¶ 26    In considering the merits of defendant's motion to dismiss on speedy trial grounds, the trial court found the second doctor's note to be credible and indicated that it believed that her absences from court were "not willful"; rather, they were caused by the onset of various health complications. Because defendant was able to explain her absences, the court granted defendant's motion. Although we are sympathetic to defendant's health problems, we reiterate that pursuant to the plain language of the speedy trial statute as well as our decisions in *Zakarauskas* and *Minor*, when a defendant fails to appear in court for any reason, regardless of whether he or she provides an explanation for her absence at a subsequent court date, the defendant waives his or her demand for a speedy trial. 725 ILCS 5/103-5(b) (West 2008); *Minor*, 2011 IL App (1st) 101097, ¶ 17; *Zakarauskas*, 398 Ill. App. 3d at 454. Indeed, a defendant cannot transform a "failure to appear" pursuant to subsection (b) of the speedy trial statute into a "delay occasioned by defendant" outlined in subsection (f) and avoid the

-9-

effects of waiver, simply by providing an explanation for her absence at a later court date. See *Minor*, 2011 IL App (1st) 101097, ¶ 17 (" '[E]xplained' failures to appear and 'unexplained' failures to appear hold no relevance where there is no such distinction in the language of the statute.").

¶ 27 To avoid the effect of waiver, defendant should have communicated with counsel *prior* to the May 18, 2010, and May 25, 2010, court dates like she did before the April 23, 2010, court date. Indeed, section 114-4(i) of the Criminal Code expressly provides that a trial court shall grant continuance on the grounds of physical incapacity "*after* presentation of affidavits or evidence" attesting to a defendant's physical incapacity. (Emphasis added.) 725 ILCS 5/114-4(i) (West 2008). This, defendant failed to do. Although defendant argues that she should have been able to present the court with documentation of physical infirmity after missing court dates due to illness, the language of section 114-4(i) is clear that continuance may only be granted after the court receives evidence of incapacity. If this court were to accept defendant's argument that documentation could be presented at any time, we would essentially have to add language to section 114-4(i). A reviewing court, however, may not rewrite an otherwise clear statutory mandate. See *In re Marriage of Rosenbaum-Golden*, 381 Ill. App. 3d 65, 72 (2008) (recognizing that "[a] court may not supply omissions, remedy defects, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of the language employed in the statute"). Accordingly, we find that when defendant failed to appear in court on May 18, 2010, and May 25, 2010, she waived her prior speedy trial demands. A new speedy trial term commenced on September 1, 2010, when defendant filed her third demand, and the term had not expired on October 28, 2010, when the defendant filed, and the court granted, her motion to dismiss. Because the speedy trial term had not expired, we conclude that the trial court erred in granting defendant's motion.

¶ 28 In so holding, we find defendant's efforts to distinguish *Zakarauskas* and *Minor* unavailing. She correctly observes that the defendants in both cases were not hospitalized and that their failures to appear in court resulted in the issuance of BFWs, which were quashed when their absences were subsequently explained to be the result of "mix ups." However, we decline to categorize defendant's failure to appear as an "unavoidable absence" rather than an "explained absence" to bypass the speedy trial statute's waiver provision. Just as the speedy trial statute does not provide an exception for explained absences, the statute also makes no mention of unavoidable absences. " 'We will not rewrite a statute under the guise of statutory construction or depart from a statute's plain language by reading into it conditions, exceptions, or limitations not expressed by the legislature.' " *Minor*, 2011 IL App (1st) 101097, ¶ 17 (quoting *In re M.A.*, 356 Ill. App. 3d 733, 737 (2005)).

¶ 29 We similarly reject defendant's argument that this court should reach a different result based on the interplay between the speedy trial statute and section 114-4(i) of the Criminal Code. As we stated above, the speedy trial statute of the Criminal Code, in pertinent part, provides as follows:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial *unless delay is occasioned by the defendant*, by an examination for fitness ordered pursuant to Section 104-13 of this Act, by a fitness hearing, by an adjudication of unfitness to stand trial, *by*

*a continuance allowed pursuant to Section 114-4 of this Act after a court's determination of the defendant's physical incapacity for trial*, or by an interlocutory appeal." (Emphases added.) 725 ILCS 5/103-5(b) (West 2008).

Section 114-4(i) of the Criminal Code, in turn, states:

"(i) Physical incapacity of a defendant may be grounds for a continuance at any time. If, upon written motion of the defendant or the State or upon the court's own motion, and after presentation of affidavits or evidence, the court determines that the defendant is physically unable to appear in court or to assist in his defense, or that such appearance would endanger his health or result in substantial prejudice, a continuance shall be granted. *** *Such continuance shall suspend the provisions of Section 103-5 of this Act, which periods of time limitations shall commence anew* when the court, after presentation of additional affidavits or evidence, has determined that such physical incapacity has been substantially removed." (Emphasis added.) 725 ILCS 5/114-4(i) (West 2008).

¶ 30        Defendant seizes upon the language in section 114-4(i) that provides that a continuance granted as a result of a defendant's physical incapacity "shall *suspend* the provisions of Sections 103-5 of this Act," and argues that her failure to appear in court as a result of her health problems, merely suspended, rather than waived her speedy trial demand. Therefore, when she returned to court on June 22, 2010, defendant argues, her speedy trial term began to run again from April 23, 2010, the point at which it was initially suspended. The State, however, responds that defendant relies upon only a portion of the language in section 114-4(i) and ignores the remaining language in that subsection which specifies that the speedy trial term "*shall commence anew* when the court *** has determined that such physical incapacity has been substantially removed." (Emphasis added.) 725 ILCS 5/114-4(i) (West 2008). Based on the legislature's inclusion of the phrase "commence anew," the State maintains that the legislature clearly intended for a defendant's speedy trial term to start over in circumstances where a defendant is granted a continuance due to physical incapacitation. Accordingly, pursuant to the State's interpretation, defendant's speedy trial demand term stopped on April 23, 2010, when she first failed to appear in court due to hospitalization and obtained a continuance, and a new term commenced on September 1, 2010, after she recuperated from her illness and filed a third speedy trial demand.

¶ 31        We acknowledge section 114-4(i) of the Criminal Code was perhaps inartfully drafted and that the language contained therein is ambiguous and can be subject to multiple interpretations, namely, the two interpretations offered by the parties. Given the ambiguity of the statute, it is permissible to look to extrinsic statutory construction aids, including common dictionary definitions, to construe the statute. *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 604-06 (2008). Black's Law Dictionary defines the word "suspend" as follows: "to interrupt; postpone; defer" and "[t]o temporarily keep (a person) from performing a function, occupying an office, holding a job, or exercising a right or privilege." Black's Law Dictionary 1584 (9th ed. 2009). Black's Law Dictionary does not define the phrase "commence anew" or the word "anew"; however, a definition for "anew" can be found in Merriam-Webster's Dictionary which defines the word as follows: "for an additional time" and "in a new or different form." Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/anew. Ultimately, we find the dictionary definitions do not resolve the statute's ambiguity. The statute's use of the word "suspend"

-11-

suggests a mere postponement or interruption of a defendant's speedy trial demand when a defendant becomes physically incapacitated. However, the inclusion of the phrase "commence anew" suggests that a speedy trial demand is not simply postponed; rather, it ends and begins in a "new or different form" when the defendant's physical incapacity is found to be removed. While neither the word "suspend" nor the phrase "commence anew" is ambiguous on its own, their use in the same sentence creates ambiguity as to the legislature's intent on the effect of a section 114-4(i) continuance on a defendant's speedy trial demand.

¶ 32       We believe that the legislature's intent is more clearly revealed by referring back to the speedy trial statute. See *People v. Rhinehart*, 2012 IL 111719, ¶ 26 (recognizing that under the doctrine of *in pari materia*, two statutes or two parts of one statute must be considered with reference to each other to allow for a " 'harmonious' " interpretation of the relevant provisions, and words and phrases should be construed with reference to other relevant provisions and not in isolation). The word "suspend" is also used in subsection (f) of the speedy trial statute, which details the impact on a speedy trial term as a result of delays occasioned by a defendant. It contains the following language: "Delay occasioned by the defendant shall *temporarily suspend* for the time of the delay the period within which a person shall be tried as prescribed by subsections (a), (b), or (e) of this Section and on the day of expiration of the delay the *said period shall continue at the point at which it was suspended*." (Emphases added.) 725 ILCS 5/103-5(f) (West 2008). It is clear that the speedy trial statute's use of the word "suspend" in subsection (f) means that a delay occasioned by a defendant merely tolls the speedy trial term.

¶ 33       We find that inconsistent results would be produced if section 114-4(i) of the Criminal Code were interpreted to mean that a speedy trial term ends, rather than is tolled, when a defendant receives a continuance on the grounds of physical incapacity as opposed to a continuance on any other grounds. Given that the speedy trial statute characterizes a continuance on the grounds of physical incapacity as a "delay occasioned by the defendant" (725 ILCS 5/103-5(b) (West 2008)), and that subsection (f) provides that such delays result in the speedy trial period "continu[ing] at the point it was suspended" (725 ILCS 5/103-5(f) (West 2008)), when the reason for the delay expires, the only logical interpretation of the two statutes is that defendant's speedy trial term was tolled on April 23, 2010, when the court was presented with documentation that defendant was ill. When read in context with the speedy trial statute, section 114-4(i)'s use of the phrase "commence anew" only makes sense if it is interpreted to mean that a defendant's speedy trial term continues from the date at which it was stopped when her physical incapacity has been removed.

¶ 34       Accordingly, we agree with defendant's interpretation of the relevant statutory provisions; however, we disagree with their applicability to her case. As we stated above, defendant received a continuance pursuant to section 114-4(i) on April 23, 2010, when defense counsel presented the court with a doctor's note attesting to her physical incapacity. At this point, defendant's speedy trial demand was temporarily suspended; however, by failing to appear or communicate with her counsel or the trial court on the next two court dates, she effectively waived her speedy trial demand that had been tolled and, thus, she was no longer able to avail herself of the benefits of section 114-4(i). A defendant must comply with the requirements of section 114-4(i) and provide the court with pertinent documentation

attesting to her incapacity prior to receiving a continuance in order to avoid waiving a prior speedy trial demand. Because defendant did not do so until *after* failing to appear on two scheduled court dates, we find that defendant's prior speedy trial demand was thereby waived and that a new term began to run on September 1, 2010, when she was released from the hospital, appeared in court and filed a new demand. Therefore, when the trial court granted defendant's motion to dismiss on October 28, 2010, the parties were only 57 days into the new speedy trial term. We thus conclude that the trial court erred in dismissing the case on speedy trial grounds.

¶ 35                                   III. CONCLUSION

¶ 36        Because we find that the speedy trial statute was not violated, we reverse the judgment of the trial court and remand the cause with instructions to reinstate the charges against defendant and proceed with trial.

¶ 37        Reversed and remanded.