NOTICE
Decision filed 07/14/16. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2016 IL App (5th) 130223

NO. 5-13-0223

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 12-CF-990 |
| | ) | |
| BERNARD MOSLEY, | ) | Honorable |
| | ) | John Baricevic, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Welch and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1     After a jury trial in the circuit court of St. Clair County, defendant, Bernard Mosley, was convicted of aggravated battery (720 ILCS 5/12-3.05(c) (West 2012)) and sentenced to two years in the Department of Corrections followed by one year of mandatory supervised release. The only issue in this appeal is whether defendant's conviction should be vacated on the basis that his right to a speedy trial was violated. We affirm.

1

¶ 2                    BACKGROUND

¶ 3    On July 6, 2012, a Washington Park police officer arrested defendant on a charge of misdemeanor domestic battery due to an incident that took place that day between him and Brenda Mosley. On that date, defendant was serving a period of supervised release due to a federal conviction. On July 9, 2012, defendant's supervised release was revoked on the basis of a parole violation stemming from the July 6, 2012, domestic battery. The police turned defendant over to his federal parole officer, and defendant was taken into federal custody. Ultimately, his parole was revoked.

¶ 4    On July 10, 2012, the State charged defendant with two felony counts of aggravated battery. Count I charged defendant with aggravated battery based on the use of a deadly weapon (720 ILCS 5/12-3.05(f)(1) (West 2012)). Count II charged defendant with aggravated battery based on its commission in a public place (720 ILCS 5/12-3.05(c) (West 2010)). A warrant was issued for defendant's arrest on the same day defendant was charged but was not served on him until October 2, 2012, after he was returned to state custody on October 1, 2012. Defendant filed a motion for speedy trial on November 9, 2012.

¶ 5    Trial commenced on the instant charges on January 8, 2013. On January 9, 2013, a jury found defendant not guilty on count I but guilty on count II. On February 19, 2013, the trial court sentenced defendant to two years in prison, plus one year mandatory supervised release. The trial court credited defendant with time served in the county jail from October 1, 2012, when he was returned to state custody, to February 18, 2013.

¶ 6    Defendant filed a motion to reduce or modify sentence, contending, *inter alia*, he is entitled to receive additional credit for time served since his arrest by Washington Park police on July 6, 2012.  After a hearing, the trial court denied defendant's motion to modify sentence.  Defendant now appeals, raising the speedy trial issue for the first time.

¶ 7                                    ANALYSIS

¶ 8    Defendant contends his conviction for aggravated battery should be vacated on the basis that his right to a speedy trial was violated because he was not tried within 120 days from the time he was taken into custody as required by section 103-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103-5 (West 2012)).  Defendant specifically asserts that because 187 days elapsed from the time he was arrested on July 6, 2012, until his jury trial began on January 8, 2013, his conviction must be vacated and the cause dismissed because he was denied his statutory right to a speedy trial.  We disagree.

¶ 9    Section 103-5(a) of the Code provides: "Every person *in custody in this State* for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody *unless delay is occasioned by the defendant ***.*" (Emphases added.)  725 ILCS 5/103-5(a) (West 2012).  The speedy trial statute enforces the constitutional right to a speedy trial guaranteed by the federal and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8).  *People v. Zeleny*, 396 Ill. App. 3d 917, 919-20, 920 N.E.2d 1129, 1131 (2009).  Despite defendant's failure to raise the issue below, we will address the issue under the plain-error doctrine

3

because a speedy trial is a substantial fundamental right. *People v. Gay*, 376 Ill. App. 3d 796, 799, 878 N.E.2d 805, 808 (2007).

¶ 10 When a defendant is not tried within the 120-day period, he should be discharged from custody and the charges dismissed. *People v. Mayo*, 198 Ill. 2d 530, 536, 764 N.E.2d 525, 529 (2002). Here, the standard of review is *de novo* because the construction and application of the speedy trial statute to undisputed facts such as we have here raises a question of law. *People v. Stanitz*, 367 Ill. App. 3d 980, 983, 857 N.E.2d 288, 290 (2006). While it is the State's duty to bring the defendant to trial within the statutory period (*Mayo*, 198 Ill. 2d at 536, 764 N.E.2d at 529), defendant bears the burden of showing that his or her right to a speedy trial has been violated. *People v. Patterson*, 392 Ill. App. 3d 461, 467, 912 N.E.2d 244, 250 (2009).

¶ 11 The burden includes a showing that the defendant caused no delay, which must be affirmatively established by the record. *Patterson*, 392 Ill. App. 3d at 467, 912 N.E.2d at 250. A defendant causes delay if he or she requests a continuance or agrees to a continuance, or defendant's actions otherwise cause or contribute to a delay. *Patterson*, 392 Ill. App. 3d at 467, 912 N.E.2d at 250. Any period of delay occasioned by a defendant tolls the statutory period. *Mayo*, 198 Ill. 2d at 537, 764 N.E.2d at 530.

¶ 12 Relying on *Stanitz*, defendant contends he has been in State custody since July 6, 2012, when he was arrested for misdemeanor domestic battery, because the State voluntarily released him to federal authorities. *Stanitz*, however, is factually distinguishable from the instant case.

4

¶ 13    In *Stanitz*, the defendant was charged by information with attempting to obtain a drug prescription using a false name. At some point prior to September 30, 2004, he was arrested and held in jail, and an order appointing a public defender noted that the defendant was "in custody." *Stanitz*, 367 Ill. App. 3d at 981, 857 N.E.2d at 288-89. The defendant was never released on bail. On September 30, 2004, the defendant demanded a speedy trial. On January 18, 2005, the State allowed federal authorities to remove the defendant from the Du Page County jail to a facility in Chicago to await trial on an unidentified federal charge; therefore, the defendant could not appear for trial on January 26, 2005, which was the 119th day after he filed his speedy trial demand. *Stanitz*, 367 Ill. App. 3d at 982, 857 N.E.2d at 289. The defendant was not returned to Du Page County until May 2005. *Stanitz*, 367 Ill. App. 3d at 981-82, 857 N.E.2d at 288-89.

¶ 14    On appeal, the State asserted the speedy trial period was tolled when federal officials placed the defendant in the custody of Cook County pending the disposition of his federal charge. Our colleagues in the Second District found that the speedy trial period set forth in section 103-5(a) was not tolled because the State voluntarily surrendered the defendant to federal authorities. *Stanitz*, 367 Ill. App. 3d at 989, 857 N.E.2d at 294-95. That court held the State could not evade its speedy trial obligations by surrendering the defendant to federal authorities. *Stanitz*, 367 Ill. App. 3d at 989, 857 N.E.2d at 294-95.

¶ 15    In *Stanitz*, however, the State surrendered the defendant to federal authorities on January 18, 2005, less than 10 days before his trial date of January 26, 2005, which would have been the 119th day after he filed his speedy trial demand. *Stanitz*, 367 Ill.

5

App. 3d at 982, 857 N.E.2d at 289. Thus, in *Stanitz* the State's surrender of the defendant to federal authorities was a clear attempt by the State to evade its speedy trial obligations. Moreover, in *Stanitz*, "the record strongly suggest[ed] that the defendant was entitled to a dismissal of the charge [on speedy trial grounds] even before he was surrendered to federal authorities in January 2005." *Stanitz*, 367 Ill. App. 3d at 984, 857 N.E.2d at 290.

¶ 16   To the contrary, in the instant case, there is nothing to indicate the State was attempting to evade its speedy trial obligations by surrendering defendant to federal authorities. Here, defendant was arrested for misdemeanor domestic battery on July 6, 2012. On July 9, 2012, defendant's supervised release on a prior federal conviction was revoked on the basis of a parole violation stemming from the July 6 domestic battery, and defendant was taken into federal custody. Under these circumstances, the delay in prosecuting defendant is clearly attributable to defendant because, but for his parole violation and removal from state custody to federal custody, he could have been tried within 120 days. Section 103-5(a) specifically states a defendant must be tried "within 120 days from the date he was taken into custody *unless delay is occasioned by the defendant*." (Emphasis added.) 725 ILCS 5/103-5(a) (West 2012).

¶ 17   Furthermore, unlike *Stanitz*, in the instant case defendant was not in continuous custody for the felony offense of which he was ultimately convicted. On July 10, 2012, the State charged defendant with two counts of aggravated battery. A warrant for his arrest was issued on that same day, but was not served on defendant until October 2, 2012, after he was returned from federal custody to state custody. Defendant's trial on

the instant charge commenced on January 8, 2013, well within 120 days after he was arrested on the charge on which he was ultimately convicted.

¶ 18   We agree with the State that the instant case is similar to *People v. Neumann*, 148 Ill. App. 3d 362, 499 N.E.2d 487 (1986), which held that the state's speedy trial term did not begin until a federal case was resolved and the defendant was in state custody.  In *Neumann*, the defendant was indicted by a Cook County grand jury with several counts of murder on October 4, 1982.  *Neumann*, 148 Ill. App. 3d at 367, 499 N.E.2d at 490. The defendant was arrested on November 12, 1982, at which time he was in federal custody awaiting sentencing on a federal weapons violation.  *Neumann*, 148 Ill. App. 3d at 367, 499 N.E.2d at 490.  On November 12, 1982, the defendant demanded a speedy trial on state charges, but he was kept in federal custody until the end of February 1983. His trial started on March 14, 1983.  *Neumann*, 148 Ill. App. 3d at 367, 499 N.E.2d at 490.  On appeal, the defendant argued the time he was in federal custody after November 12, 1982, must be included in the computation of the statutory period set forth in section 103-5(a).  *Neumann*, 148 Ill. App. 3d at 367, 499 N.E.2d at 490.  Our colleagues in the First District held the speedy trial term did not begin until after the defendant was released from federal custody.  *Neumann*, 148 Ill. App. 3d at 368, 499 N.E.2d at 490.

¶ 19   Similar to *Neumann*, in the instant case, defendant was not charged or served with a warrant until after he was already in federal custody for a parole violation.  While he was arrested for misdemeanor domestic battery on July 6, 2012, he was not charged with the felony offense of which he was actually convicted until July 10, 2012, after he was already in federal custody.  He was not arrested on that charge until October 2, 2012,

7

after he was released from federal custody. Accordingly, we agree with the State that the 120 days did not begin to run until defendant was returned from federal custody and arrested on the charge of which he was ultimately convicted.

¶ 20 We disagree with defendant that this outcome defies common sense or requires a tortured reading of section 103-5(a) of the Code. It is generally accepted that the right to a speedy trial is not a sword to be used to extricate oneself from criminal charges; it is a shield to protect the accused from unjust and prejudicial delays occasioned by the State. *People v. Tetter*, 42 Ill. 2d 569, 576, 250 N.E.2d 433, 437 (1969). Unlike *Stanitz*, there is nothing in the record before us to indicate the State caused any type of unjust or prejudicial delay. Therefore, we decline defendant's invitation to use the speedy trial statute as a sword rather than a shield.

¶ 21                                          CONCLUSION

¶ 22 We find defendant's actions caused the delay. Defendant was serving a period of supervised release for a prior federal offense when he was arrested on July 6, 2012. Defendant's supervised release was then revoked on the basis of a domestic battery, and he was taken into federal custody on July 9, 2012. Defendant was not charged with the instant offense until July 10, 2012, after he was already in federal custody. The federal matter was not resolved until October 1, 2012. Defendant was not arrested on the instant charge until October 2, 2012, after he was returned by federal authorities. Accordingly, the 120 day period was either tolled or never even started until defendant was in state

8

custody on this particular charge on October 2, 2012. In either instance, defendant was tried within 120 days of being in state custody.

¶ 23    Finally, we point out defense counsel was not ineffective for failing to file what would have been a fruitless motion for discharge.

¶ 24    For the foregoing reasons, we hereby affirm the judgment of the circuit court of St. Clair County.

¶ 25    Affirmed.

2016 IL App (5th) 130223

NO. 5-13-0223

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from the
                                        )   Circuit Court of
    Plaintiff-Appellee,             )   St. Clair County.
                                        )
v.                                      )   No. 12-CF-990
                                        )
BERNARD MOSLEY,                         )   Honorable
                                        )   John Baricevic,
    Defendant-Appellant.            )   Judge, presiding.
_____

**Opinion Filed:**     July 14, 2016
_____

**Justices:**     Honorable Richard P. Goldenhersh, J.

          Honorable Thomas M. Welch, J., and
          Honorable James R. Moore, J.,
          Concur
_____

**Attorneys**    Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy
**for**         Defender, Richard J. Whitney, Assistant Appellate Defender, Office of
**Appellant**  the State Appellate Defender, Fifth Judicial District, 909 Water Tower
            Circle, Mt. Vernon, IL 62864
_____

**Attorneys**    Hon. Brendan F. Kelly, State's Attorney, St. Clair County, 10 Public
**for**         Square, Belleville, IL 62220; Patrick Delfino, Director, David J.
**Appellee**   Robinson, Acting Deputy Director, Patrick D. Daly, Staff Attorney, Office
            of the State's Attorneys Appellate Prosecutor, Fifth District Office, 730 E.
            Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864
_____