SIXTH DIVISION
February 26, 2010

No. 1-07-3263

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. TJ 344 084 |
| | ) | |
| EDMUND ZAKARAUSKAS, | ) | Honorable |
| | ) | Elmer James Tolmaire, III, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

The State in this appeal argues that the trial court erred in granting defendant Edmund Zakarauskas's motion to dismiss a charge of driving under the influence of alcohol (DUI) based on a speedy trial violation. We believe the trial court erred in finding that defendant's failure to appear for a court date interrupted but did not waive his speedy trial demand. We reverse and remand for trial.

The speedy trial statute, section 103-5(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103-5(b) (West 2004)), was amended in 2000 in Public Act 91-123 (Pub. Act 91-123, eff. January 1, 2000). The amended statute states that a defendant on bond waives his demand for a speedy trial if he fails to appear for a court date. The trial court here believed defendant's failure to appear in court temporarily suspended but did not waive the 160-day speedy trial period. See, for example, the 1982 opinion People v. Hatch, 110 Ill. App. 3d 531, 536-37, 442 N.E.2d 655 (1982) (a delay occasioned when the defendant failed to appear in court for his

arraignment merely suspended the 160-day speedy trial term). But by amending section 103-5(b) of the Code (725 ILCS 5/103-5(b) (West 2004)) in 2000, we believe the legislature singled out an unexplained failure to appear for separate statutory treatment.

Defendant was arrested for DUI in January 2006. Bail was set at $2,000 and defendant was released on his own recognizance. Defendant on April 2006 executed a written demand for trial within 160 days under section 103-5(b) of the Code (725 ILCS 5/103-5(b) (West 2004)). After several continuances by agreement, trial was set for October 6, 2006. Defendant was not in court that day and defense counsel could not reach him by telephone. The prosecutor moved for a bond forfeiture warrant (BFW). Defense counsel told the trial court: "I can get him in next week ***. I will have him here. It is not difficult for me to contact his wife. *** He's a truck driver. He hasn't had any problems before." Defense counsel further explained there had been a "mix up" because counsel had been on vacation when defendant last appeared in court. The trial court entered the BFW and continued the case to October 11, 2006. Defendant appeared on that date and executed a new written demand for a speedy trial.

Trial was set for March 20, 2007. On that date, defendant moved to dismiss, arguing the 160-day speedy trial term had expired. The State argued defendant had waived the April 2006 demand when the BFW was entered on October 6, 2006. The State maintained a new 160-day term began October 11, 2006, and had not expired. The trial court said: "as I understand it, this thing went BFW $5,000. When you go BFW, [the speedy trial] term starts anew." Defense counsel challenged this result and so the trial court allowed the parties to submit written arguments. After a hearing, the trial court denied defendant's motion to dismiss the charges on

2

speedy trial grounds.

Defendant moved for reconsideration.  The trial court then reversed its earlier decision in a written order, relying on section 103-5(f) of the Code.  The trial court said: "The failure to appear constituted a delay occasioned by the [d]efendant within the meaning of [s]ection 103-5(f), and thus only temporarily suspended for the time of the delay *** the period within which [d]efendant was to be tried as prescribed by subsection 103-5(b) [(725 ILCS 5/103-5(f), (b) (West 2004))]."

The State appeals under Supreme Court Rule 604(a)(1) (210 Ill. 2d R. 604(a)(1)) (the State may appeal criminal judgments with the substantive effect of dismissing a charge).  Defendant did not file a response.  Under the principles set forth in First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 131-33, 345 N.E.2d 493 (1976), we need not serve as defendant's advocate or search the record for a reason to sustain the judgment.  Where, as here, the appellant's brief and the record show *prima facie* reversible error, we may reverse the judgment of the trial court.  Talandis, 63 Ill. 2d at 133.

A defendant's right to a speedy trial is both constitutional and statutory.  U.S. Const. amends. VI, XIV; Ill. Const. 1970, art. I, §8; 725 ILCS 5/103-5 *et seq.* (West 2004); People v. Cordell, 223 Ill. 2d 380, 385, 860 N.E.2d 323 (2006).  The statute implements the constitutional right to a speedy trial.  Cordell, 223 Ill. 2d at 385-86.  Statutory interpretation is a question of law we review *de novo*.  Cordell, 223 Ill. 2d at 389.  "The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent."  Cordell, 223 Ill. 2d at 389.  The language of the statute is the best indication of legislative intent, and we must give that language its plain and ordinary meaning.  Cordell, 223 Ill. 2d at 389.

1-07-3263

The statutory sections at issue here are sections 103-5(b) and 103-5(f) of the Code. The first paragraph of subsection (b) provides:

"(b) Every person on bail or recognizance shall be tried *** within 160 days from the date [the] defendant demands trial unless delay is occasioned by the defendant ***. The defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial made under this subsection." 725 ILCS 5/103-5(b) (West 2004).

The 2000 amendment to section 103-5(b) added the last sentence on waiver. Pub. Act 91-123, eff. January 1, 2000.

Section 103-5(f) of provides:

"(f) Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed in subsections [including (b)] of this Section and on the day of expiration of the delay the said period shall continue at the point at which is was suspended." 725 ILCS 5/103-5(f) (West 2004).

The General Assembly added section 103-5(f) of the Code by Pubic Act 79-842, §1 (Pub. Act 79-842, §1, eff. July 1, 1976. But see Pub. Act 79-1237, section 1, eff. June 30, 1976 (changing the effective date of section 103-5(f) to 1977).

From 1977 until the 2000 amendment of section 103-5(b), a delay occasioned by a defendant's failure to appear in court suspended the 160-day speedy trial term. See People v. Hatch, 110 Ill. App. 3d 531, 536-37, 442 N.E.2d 655 (1982); People v. Dotson, 173 Ill. App. 3d

4

541, 527 N.E.2d 881 (1988) (the defendant's failure to appear at a scheduled court hearing temporarily tolled the speedy trial term).

The plain language of section 103-5(b) as amended in 2000 manifested the legislature's intent to distinguish a defendant's failure to appear in court from other types of delay, a motion for a continuance, for example, either by the defendant or by agreement. We believe the 2000 "waiver" amendment to section 103-5(b) controls the disposition of this case. Waiver includes the notion of relinquishment. See Gallagher v. Lenart, 226 Ill. 2d 208, 229, 874 N.E.2d 43 (2007) (waiver is an intentional relinquishment of a known right). Defendant here voluntarily relinquished his right to a trial within 160 days of his first speedy trial demand on April 3, 2006. When defendant failed to appear he was no longer on bail. The posted security was forfeited and a warrant was outstanding for his arrest. See 725 ILCS 5/110-7(g) (West 2004) ("If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited"). A defendant's failure to appear as required by recognizance constitutes a criminal offense. 725 ILCS 5/110-2 (West 2004)). If we were to treat a BFW incident as comparable to a request for a continuance or other delay, a fugitive defendant would be entitled to the benefit of an earlier speedy trial demand when apprehended and again brought before the court.

The judgment of the circuit court is reversed. We remand with directions to reinstate the charges and proceed with the trial.

Reversed and remanded.

McBRIDE and R. GORDON, JJ., concur.