# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Minor, 2011 IL App (1st) 101097**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARY MINOR, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-1097 |
| Filed | December 9, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant demanded a speedy trial on April 21, 2009, and then failed to appear on a scheduled court date on August 4, 2009, because she "mixed up" court dates, and on October 19, 2009, she filed a new demand, the trial court erred in subsequently dismissing the case due to a violation of her right to a speedy trial, notwithstanding her contentions that 183 days had elapsed since her initial demand for a speedy trial and that the speedy trial period was tolled from August 4, 2009, until her new demand was filed on October 19, 2009, since she waived her initial speedy trial term when she failed to appear on August 4, 2009, the term was not tolled, and a new period commenced when she made her demand on October 19, 2009, and her speedy trial rights were not violated as of January 6, 2010. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. TP-082-537; the Hon. Pamela M. Leeming, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Veronica Calderon Malavia, and Anne L. Magats, Assistant State's Attorneys, of counsel), for the People.

Abishi C. Cunningham, Jr., Public Defender, of Chicago (Ingrid Gill, Assistant Public Defender, of counsel), for appellee.

Panel

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.

Presiding Justice R. Gordon and Justice Garcia concurred in the judgment and opinion.

## OPINION

¶ 1    The State appeals the trial court's dismissal of the driving under the influence (DUI) case against defendant, Mary Minor, on speedy trial grounds (725 ILCS 5/103-5(b) (West 2006)). The trial court initially denied defendant's motion to dismiss the case, but granted dismissal on a motion to reconsider its original ruling. The trial court then denied the State's motion to reconsider the dismissal. On appeal, the State contends the trial court erred where defendant waived her speedy trial demand by failing to appear on a subsequent court date. Based on the following, we reverse and remand.

¶ 2                                    FACTS

¶ 3    Defendant was charged with DUI on November 27, 2007. Following her arrest, defendant was released on her own recognizance with bail set at $3,000. On April 21, 2009, defendant filed a speedy trial demand pursuant to section 103-5(b) of the Code of Criminal Procedure of 1963 (Code). 725 ILCS 5/103/5(b) (West 2006). The case was set for trial on June 5, 2009. On June 5, 2009, defendant again filed a speedy trial demand. On that date, the case was continued on the State's motion to August 4, 2009. Defendant was in court when the continuance date was given.

¶ 4    On August 4, 2009, defendant failed to appear in court and the State answered that it was ready for trial. Defense counsel asked the court to hold defendant's case until 1 p.m. because counsel was attempting to get in contact with defendant. The court agreed, but issued a bond forfeiture warrant when defendant did not appear in the afternoon. Defendant appeared in court the next day, August 5, 2009. Defense counsel informed the court that he attempted to reach defendant twice on the telephone the previous day, but defendant did not receive the messages until after 1 p.m. because she was at a doctor's appointment. The trial court admonished defendant and quashed and recalled the warrant. The case was continued on defendant's motion until October 19, 2009.

¶ 5 On October 19, 2009, defendant again filed a speedy trial demand. The case was continued on the State's motion until January 6, 2010.

¶ 6 On January 4, 2010, defendant filed a motion to dismiss as a result of a speedy trial violation. The motion was argued on January 6, 2010. Defendant argued that January 6, 2010, was 183 days after defendant's first speedy trial demand on April 21, 2009, which violated the speedy trial statute's requirements of bringing defendant to trial within 160 days. 725 ILCS 5/103-5(b) (West 2006). The State responded that defendant waived her right to a speedy trial in relation to the April 21, 2009, demand by failing to appear in court on August 4, 2009, citing *People v. Patterson*, 392 Ill. App. 3d 461, 912 N.E.2d 244 (2009). The State continued that defendant's waiver caused the speedy trial term to restart on October 19, 2009, when she next demanded trial. Defendant responded, instead, that her speedy trial period was tolled from August 4, 2009, until October 19, 2009; therefore, upon filing the October 19, 2009, demand the earlier demands were included in her speedy trial period. The trial court denied defendant's motion to dismiss, relying on the "express language" of subsection (b) of the speedy trial statute. 725 ILCS 5/103-5(b) (West 2006).

¶ 7 On January 25, 2010, defendant filed a motion to reconsider. The next day, the State filed a response. On February 18, 2010, the trial court granted defendant's motion to reconsider, reversing its prior order denying defendant's motion to dismiss. In so doing, the trial court reasoned that subsection (f) of the speedy trial statute incorporated subsection (b), such that defendant's speedy trial period was "suspended" from August 4, 2009, when she failed to appear in court, until October 19, 2009, when she filed her latest speedy trial demand. The trial court, therefore, dismissed the case for want of speedy trial. The State filed a motion to reconsider citing the recent case *People v. Zakarauskas*, 398 Ill. App. 3d 451, 924 N.E.2d 578 (2010).

¶ 8 On March 18, 2010, the court held a hearing on the State's motion. Defendant was represented by new counsel. The trial court directly questioned defendant regarding her absence on August 4, 2009. Defendant initially blamed her prior attorney for providing the incorrect date. Defendant then explained that she could not attend one of her court dates because her husband passed away. Defendant finally explained that she mixed up the August 4, 2009, date with August 5, 2009. The court denied the State's motion to reconsider, finding the *Zakarauskas* case distinguishable because defendant was not a "fugitive" when she appeared one day after her scheduled trial date. Relying on the "Appellate Court First District" case, the court found important the distinction between "explained" and "unexplained" failures to appear. The trial court found that, unlike the defendant in *Zakarauskas*, defendant provided an explanation for her absence, and, therefore, the speedy trial period was tolled. The court affirmed the dismissal of defendant's DUI case.

¶ 9 DECISION

¶ 10 The question before us is whether defendant waived her speedy trial period by her absence in court on August 4, 2009, or if the period was tolled from that date until she next demanded trial on October 19, 2009. In order to resolve this question, we turn to the language of the speedy trial statute.

¶ 11    The speedy trial statute incorporates a defendant's constitutional right to a speedy trial. *People v. Cordell*, 223 Ill. 2d 380, 385-86, 860 N.E.2d 323 (2006). The goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *Id*. at 389. In order to do so, we look to the language of the statute, giving it its plain and ordinary meaning. *Id*. When the statutory language is clear and unambiguous, the terms must be applied as written. *People v. Wooddell*, 219 Ill. 2d 166, 171, 847 N.E.2d 117 (2006). Questions of statutory interpretation are legal and are reviewed *de novo*. *Cordell*, 223 Ill. 2d at 389.

¶ 12    Subsection (b) of the speedy trial statute provides:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***. The defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial made under this subsection." 725 ILCS 5/103-5(b) (West 2006).

The statute was amended to include the final sentence regarding waiver in 2000. Pub. Act 91-123, § 5 (eff. Jan. 1, 2000). Subsection (f) of the statute continues:

> "Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed in subsections (a), (b), or (e) of this Section and on the day of expiration of the delay the said period shall continue at the point at which it was suspended. *** This subsection (f) shall become effective on, and apply to persons charged with alleged offenses committed on or after, March 1, 1977." 725 ILCS 5/103-5(f) (West 2006).

¶ 13    In *Zakarauskas*, this court recently interpreted subsections (b) and (f) of the speedy trial statute. In so doing, the court said:

> "From 1977 until the 2000 amendment of section 103-5(b), a delay occasioned by a defendant's failure to appear in court suspended the 160-day speedy trial term. [Citations.]
>
> The plain language of section 103-5(b) as amended in 2000 manifested the legislature's intent to distinguish a defendant's failure to appear in court from other types of delay, a motion for continuance, for example, either by the defendant or by agreement. We believe the 2000 'waiver' amendment to section 103-5(b) controls the disposition of this case. Waiver includes the notion of relinquishment." *Zakarauskas*, 398 Ill. App. 3d at 454.

We see no need to depart from the well-reasoned *Zakarauskas* opinion, especially where the facts of this case are strikingly similar.

¶ 14    In *Zakarauskas*, the defendant was arrested for DUI and released on his own recognizance. The defendant made a speedy trial demand in April 2006 and, following several continuances by agreement, was absent on the date set for trial, October 6, 2006. When the defendant could not be reached by telephone, the defense counsel explained that there had been a "mix up" because defense counsel was on vacation when the defendant last appeared in court. The trial court entered a bond forfeiture warrant and continued the case to October 11, 2006. Defendant appeared on that date and filed a new written speedy trial demand. On the date set for trial, March 20, 2007, the defendant moved to dismiss his case,

-4-

arguing that his 160-day term had elapsed. After initially denying the defendant's motion to dismiss, the trial court reversed its decision and dismissed the charges upon reconsideration, finding the "delay occasioned by the [d]efendant" was within the meaning of subsection (f) of the speedy trial statute. (Internal quotation marks omitted.) *Id*. at 452-53. The State appealed. On review, this court concluded the defendant voluntarily relinquished his right to trial within 160 days of his first speedy trial demand when he failed to appear. *Id*. at 454. This court noted that "[w]hen defendant failed to appear he was no longer on bail" and reasoned that "[i]f we were to treat a [bond forfeiture warrant] incident as comparable to a request for a continuance or other delay, a fugitive defendant would be entitled to the benefit of an earlier speedy trial demand when apprehended and again brought before the court." *Id*.

¶ 15    Here, defendant first demanded trial on April 21, 2009. Defendant was then absent from a scheduled court date on August 4, 2009. Defense counsel attempted to contact defendant without success and a bond forfeiture warrant was issued. Defendant appeared the following day and eventually explained that she "mixed up" the court dates. Defendant next demanded a speedy trial on October 19, 2009. Applying the plain, unambiguous language of section 103-5(b) of the Code (725 ILCS 5/103-5(b) (West 2006)), we conclude that defendant waived her initial speedy trial term beginning on April 21, 2009. The new speedy trial period began on October 19, 2009, when she again filed a demand. The speedy trial term was not tolled, as argued by defendant. As a result, defendant's speedy trial rights were not violated as of January 6, 2010.

¶ 16    We are reminded that, in interpreting statutes, courts must consider the statute as a whole by looking at all relevant parts together. *In re Jessica M.*, 399 Ill. App. 3d 730, 748, 928 N.E.2d 511 (2010). Moreover, "[a]n amendment to a statute is presumed to be intended to effect a change in the law as it formerly existed." *People v. Craig*, 403 Ill. App. 3d 762, 768, 934 N.E.2d 657 (2010). The 2000 amendment to the speedy trial statute clarified that a defendant's failure to appear in court operates as a waiver to a prior demand. Pub. Act 91-123, § 5 (eff. Jan. 1, 2000). The legislature, therefore, distinguished failures to appear from other "[d]elays occasioned by the defendant." See 725 ILCS 5/103-5(f) (West 2006).

¶ 17    We find that "explained" failures to appear and "unexplained" failures to appear hold no relevance where there is no such distinction in the language of the statute. "We will not rewrite a statute under the guise of statutory construction or depart from a statute's plain language by reading into it conditions, exceptions, or limitations not expressed by the legislature." *In re M.A.*, 356 Ill. App. 3d 733, 737, 826 N.E.2d 1071 (2005). Contrary to the trial court's March 18, 2010, ruling denying the State's motion to reconsider the dismissal of defendant's case, in *Zakarauskas*, this court did not hold that an explained absence was relieved of the waiver result provided by subsection (b) of the speedy trial statute. Moreover, the *Zakarauskas* facts are not distinguishable from this case where both defendants "mixed up" the trial dates and their warrants were quashed and recalled within days, one day for our defendant and five days for the *Zakarauskas* defendant. The *Zakarauskas* language cited by defendant in her brief and apparently relied on by the trial court states that "we believe the legislature singled out an unexplained failure to appear for separate statutory treatment." *Zakarauskas*, 398 Ill. App. 3d at 452. That language is found in the introduction of the case and cannot be extended to reflect the court's holding. Whether the defendant had an

explanation for his failure to appear did not enter the court's calculus in finding the defendant waived his speedy trial demand. *Id*. at 454.

¶ 18    The *Patterson* decision supports our conclusion where it was held that the defendant waived his speedy trial demand when he failed to appear on the scheduled trial date. *Patterson*, 392 Ill. App. 3d at 467. The court went on to note that, waiver aside, the defendant would have failed to prove his speedy trial rights had been violated under subsection (f) of the statute where he contributed to the delay by failing to notify the trial court of his location after being released from prison. *Id*. at 467-68.

¶ 19    We, therefore, conclude the trial court erred in finding a speedy trial violation and dismissing defendant's case.

¶ 20                                        CONCLUSION

¶ 21    Because we conclude that the speedy trial statute was not violated, we reverse the judgment of the trial court and remand the cause with instructions to reinstate the charges against defendant and proceed with trial.

¶ 22    Reversed and remanded.