# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Bauman*, 2012 IL App (2d) 110544

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIC M. BAUMAN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0544 |
| Filed | December 12, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in finding that defendant waived his demand for a speedy trial by failing to appear in person at a status hearing set for a prosecution subpoena, since the date was set by the State, and was not a date "set by the court" as required under section 103-5(b) of the Code of Criminal Procedure in order to find a waiver of a valid speedy-trial demand, and, furthermore, defendant's failure to appear did not cause any delay in the proceedings. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 10-DT-304; the Hon. Gordon E. Graham, Judge, presiding. |
| Judgment | Reversed. |

Counsel on
Appeal

Matthew J. Haiduk, of Geneva, for appellant.

Louis A. Bianchi, State's Attorney, of Woodstock (Lawrence M. Bauer and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Zenoff and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1    After a stipulated bench trial, defendant, Eric M. Bauman, was found guilty of driving under the influence of alcohol (DUI). 625 ILCS 5/11-501(a)(2) (West 2010). He was sentenced to 10 months' supervision and assessed fines and fees. On appeal, defendant argues that the trial court erred in denying his motion to dismiss this action for a violation of his right to a speedy trial. See 725 ILCS 5/103-5(b) (West 2010). For the following reasons, we find that the trial court erred in denying defendant's motion to dismiss. Therefore, we reverse the judgment of the trial court.

¶ 2                              I. BACKGROUND

¶ 3    On March 27, 2010, defendant was charged with possession of drug paraphernalia (720 ILCS 600/3.5 (West 2010)), possession of cannabis (720 ILCS 550/4 (West 2010)), failure to reduce speed to avoid an accident (625 ILCS 5/11-601 (West 2010)), improper lane usage (625 ILCS 5/11-709 (West 2010)), and DUI (625 ILCS 5/11-501(a)(2) (West 2010)). He secured bond and was released that day. One of the conditions of his bond was that he "appear to answer this charge in the Court having jurisdiction of the day certain set for hearing of this cause and thereafter as Ordered by the Court until discharged."

¶ 4    On April 26, 2010, defendant filed a written document entitled "SPEEDY TRIAL DEMAND" and served a copy on the McHenry County State's Attorney's office. The written demand states, "[p]ursuant to 725 ILCS 5/103, the Defendant hereby demands a speedy trial as of the date of this order." On April 27, 2010, defendant filed a notice of motion and a subpoena *duces tecum*. The subpoena was directed to the McHenry County sheriff's department. In the notice of motion the return date on the subpoena was listed as May 11, 2010.

¶ 5    On May 6, 2010, defendant appeared in court and notified the court that he had filed a speedy-trial demand. The case was continued to May 10, 2010, in another courtroom. On May 10, 2010, defendant again notified the court of his speedy-trial demand and answered

ready for trial. The court then set a trial date of August 9, 2010.

¶ 6 On May 19, 2010, the State filed a notice of motion along with a subpoena *duces tecum*. The subpoena was directed to Marengo Rescue, a fire protection and emergency services agency in Marengo, Illinois. The notice of motion was also sent to defendant's attorney and stated that on June 18, 2010, the State would request status on the subpoena.

¶ 7 On June 17, 2010, the State filed another notice of motion to set a status date of July 9, 2010, on a subpoena it had sent to the Westchester Forensic Science Laboratory. That notice was served by fax on defendant's attorney. On June 18, 2010, defendant appeared in court with his attorney for return on the subpoena directed to Marengo Rescue.

¶ 8 On June 29, 2010, the State filed another notice of motion directed at Marengo Rescue. In that notice, the State sought a July 21, 2010, date for status on the subpoena. Defendant's attorney was also served a copy of the notice.

¶ 9 On July 9, 2010, the status date on the State's subpoena to the Westchester Forensic Science Laboratory, defense counsel appeared in court but defendant did not personally appear. Defense counsel notified the court that a jury trial date had been set for August 9, 2010, and that there was a speedy-trial demand on file. Counsel answered ready for trial and noted that the parties were in court for status on one of the State's subpoenas. In response, the State informed the court that defendant was not present and asked the court to find that defendant had waived the speedy-trial demand. The State also requested a warrant for defendant's arrest. Defense counsel argued that the parties were in court only because of a date set by the State, not the court. The court, relying on *People v. Zakarauskas*, 398 Ill. App. 3d 451 (2010), responded that Illinois law indicates that it does not make a difference whether the State or the court sets the date, because either way the defendant must be present. Defense counsel responded that, applying such logic, the State could set five court dates a week that would require defendant's personal appearance or his speedy-trial demand would be waived. The court ruled that it was bound by Illinois law and held that defendant had waived his speedy-trial demand.

¶ 10 On August 6, 2010, the State filed a motion to continue the trial due to the unavailability of one of its witnesses. On August 9, 2010, the parties appeared in court on that motion. At that time, defense counsel again argued that defendant had filed a speedy-trial demand and was answering ready for trial. The court referred to its earlier ruling that defendant had waived his speedy-trial demand and that it was therefore no longer in effect. Over defense objection, the State's motion to continue was granted and the case was continued for trial to October 25, 2010.

¶ 11 The record does not reflect what, if anything, occurred on October 25, 2010. On November 24, 2010, the parties appeared in court. Defense counsel asked leave of court to file a motion to dismiss based upon a speedy-trial violation. The trial court granted counsel leave to file the motion, but again referenced *Zakarauskas* as dispositive of that issue.

¶ 12 On November 29, 2010, defendant filed a motion to dismiss based on a violation of his right to a speedy trial. The State responded, and the court heard arguments from both parties. On January 14, 2011, the court denied defendant's motion to dismiss, again relying on *Zakarauskas*.

¶ 13      On May 17, 2011, the State nol-prossed all the charges against defendant except the DUI charge. After a stipulated bench trial, defendant was found guilty of DUI. 625 ILCS 5/11-501(a)(2) (West 2010). He later filed a "Motion for Judgment Notwithstanding the Verdict or in the Alternative a New Trial." That motion was denied. Defendant timely appeals.

¶ 14                               II. ANALYSIS

¶ 15      On appeal, defendant argues that the trial court erred in denying his motion to dismiss, when he had a valid speedy-trial demand on file and he was not tried until after the 160-day speedy-trial time frame had run. Specifically, he argues: (1) he did not waive his valid speedy-trial demand where he caused no delay; and (2) even if he did not have to cause a delay to waive his right to a speedy trial, he did not fail to appear at a date "set by the court," as required in the speedy-trial statute. See 725 ILCS 5/103-5(b) (West 2010).

¶ 16      In Illinois, a defendant has both a constitutional and a statutory right to a speedy trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; 725 ILCS 5/103-5 (West 2010). The Illinois speedy-trial statute contained in the Code of Criminal Procedure of 1963 (Code) implements the constitutional right to a speedy trial. *People v. Cordell*, 223 Ill. 2d 380, 385-86 (2006). The speedy-trial provisions of the Code are to be liberally construed in favor of a defendant because they were enacted to avoid infringements of the defendant's constitutional speedy-trial right. *People v. Kohler*, 2012 IL App (2d) 100513, ¶ 23. Section 103-5(b) of the Code was amended in 2000 by Public Act 91-123 (eff. Jan. 1, 2000). That section provides, in pertinent part:

> "(b) Every person on bail or recognizance shall be tried *** within 160 days from the date [the] defendant demands trial unless delay is occasioned by the defendant ***. The defendant's failure to appear for *any court date set by the court* operates to waive the defendant's demand for trial made under this subsection." (Emphasis added.) 725 ILCS 5/103-5(b) (West 2010).

¶ 17      Section 103-5(f) of the Code relates to delays caused by a defendant, and provides, in pertinent part:

> "(f) Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed by subsections (a), (b) or (e) of this Section and on the day of expiration of the delay the said period shall continue at the point at which it was suspended." 725 ILCS 5/103-5(f) (West 2010).

¶ 18      Prior to the 2000 amendment of section 103-5(b), a delay occasioned by a defendant's failure to appear in court only suspended the 160-day speedy-trial term. See *People v. Dotson*, 173 Ill. App. 3d 541, 545 (1988) (the defendant's failure to appear at a scheduled court hearing temporarily tolled the speedy-trial term).

¶ 19      Generally, the trial court's ruling on a speedy-trial challenge shall be affirmed absent an abuse of discretion. *People v. Buford*, 374 Ill. App. 3d 369, 372 (2007). However, an issue on appeal that involves a question of statutory interpretation is subject to *de novo* review. *Zakarauskas*, 398 Ill. App. 3d at 453. " 'The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent.' " *Id.* (quoting *Cordell*, 223 Ill. 2d at 389). The language of the statute is the best indication of legislative intent, and that language will

be given its plain and ordinary meaning. *Cordell*, 223 Ill. 2d at 389. However, "[a] statute capable of two interpretations should be given that which is reasonable and which will not produce absurd, unjust, unreasonable or inconvenient results that the legislature could not have intended." *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993).

¶ 20 We initially note that this issue requires us to interpret section 103-5(b) of the Code in order to determine if defendant waived his speedy-trial demand by not appearing in court on July 9, 2010. See 725 ILCS 5/103-5(b) (West 2010). Therefore, our standard of review is *de novo*.

¶ 21 A. A Date "Set by the Court" in Section 103-5(b)

¶ 22 Since the facts of this case involve defendant's failure to appear in court, we will first address defendant's argument that he did not waive his speedy-trial demand because he did not fail to appear at a date "set by the court," as required by section 103-5(b) of the Code. 725 ILCS 5/103-5(b) (West 2010).

¶ 23 The State agrees that defendant made a valid speedy-trial demand. However, it maintains that defendant's failure to appear on July 9, 2010, a status date on one of its subpoenas, waived his speedy-trial demand under section 103-5(b) of the Code. 725 ILCS 5/103-5(b) (West 2010). Specifically, it argues that by amending that section to include the phrase "[t]he defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial made under this subsection," the legislature intended to differentiate between a failure to appear in court and other types of delays, such as from a motion to continue made by the defendant or by agreement. As support for this contention, the State cites to *Zakarauskas*, 398 Ill. App. 3d 451.

¶ 24 In *Zakarauskas*, the trial court ultimately granted the defendant's motion to dismiss based upon a speedy-trial violation after the 160-day term of his first speedy-trial demand had run, even though during that period the defendant had failed to appear in court on a day that was set for trial. *Id.* at 452. In reversing the trial court, the *Zakarauskas* court made it clear that the plain language of section 103-5(b) as amended in 2000 "manifested the legislature's intent to distinguish a defendant's failure to appear in court from other types of delay, a motion for a continuance, for example, either by the defendant or by agreement." *Id.* at 454. We agree with the State that the *Zakarauskas* court properly interpreted the amended section 103-5(b). See 725 ILCS 5/103-5(b) (West 2010). However, the ruling in *Zakarauskas* is not dispositive of the issue in the instant case. Unlike in *Zakarauskas*, the issue presented in this case is whether, under the speedy-trial statute, *any* failure to appear by a defendant constitutes a waiver of his speedy-trial demand. Specifically, we are asked to address the meaning of the phrase "[t]he defendant's failure to appear for any court date *set by the court* operates to waive the defendant's demand for trial made under this subsection." (Emphasis added.) 725 ILCS 5/103-5(b) (West 2010). Defendant argues that a status date on a State subpoena is not a date "set by the court" and therefore his failure to appear in court on that date did not waive his speedy-trial demand.

¶ 25 In response to this argument, the State contends that, since a party does not have a right

to set a return date on a subpoena for a Sunday or another time when the court is not open, it is the court, and not a particular party, that has the final authority on the setting of dates when parties may appear before it. It also notes that defendant did not cite any case law differentiating between court dates set by the court and court dates set by "somebody else."

¶ 26    We are not persuaded by the State's argument. First, the fact that the court has final authority on the setting of dates when parties may appear before it does not change the fact that here the State, not the court, set the status date on the subpoena. This is made clear by McHenry County local rules, which specifically provide that "subpoenas shall be returnable before the judge assigned to the case at a time that the court is normally in session." 22d Judicial Cir. Ct. R. 10.17(a) (June 1, 2007). The local rules do not refer to the trial court setting a court date for return on a subpoena. More important, to find that all court dates, no matter whether set by the trial court (*i.e.*, a trial date) or by a party (*i.e.*, a status date for return on a subpoena), should be considered dates "set by the court" for purposes of section 103-5(b) of the Code would make the phrase "any court date set by the court" in section 103-5(b) superfluous. See 725 ILCS 5/103-5(b) (West 2010). Our supreme court has repeatedly held that statutes should be read as a whole and construed so that no part is rendered meaningless or superfluous. *People v. Edwards*, 2012 IL 111711, ¶ 26.

¶ 27    The fact that defendant has not cited any cases that discuss the difference between a date set by the court versus a date set by a party does not mean that such a distinction does not exist. Instead, it highlights the fact that this particular issue, at least with respect to the language in section 103-5(b) of the Code, has not yet been addressed by Illinois courts. Here, in determining the plain meaning of this statute in its entirety, we hold that a date set by a party as a status date for return on a subpoena is not a date "set by the court," as section 103-5(b) of the Code requires in order to find a waiver of a valid speedy-trial demand. 725 ILCS 5/103-5(b) (West 2010).

¶ 28    Along with *Zakarauskas*, the State cites to *People v. Higgenbotham*, 2012 IL App (1st) 110434, and *People v. Minor*, 2011 IL App (1st) 101097, as support for its claim that the court did not err in denying defendant's motion to dismiss on speedy-trial grounds because he waived his demand by his failure to appear on a status date on one of its subpoenas. We have reviewed these cases and find that, like *Zakarauskas*, they do not aid the State, because they each involve a defendant's failure to appear in court on a date "set by the court." See *Higgenbotham*, 2012 IL App (1st) 110434, ¶ 34 (defendant waived valid speedy-trial demand when she failed to show up for a court date that had been set by the court after she received a court-sanctioned continuance due to hospitalization); *Minor*, 2011 IL App (1st) 101097, ¶ 15 (defendant waived her speedy-trial demand when she failed to appear at a date set by the court even though she appeared and explained her absence the next day).

¶ 29    At oral argument, the State suggested that because defendant appeared for status on the return of his own subpoena he should have known that he was required to appear for status on the return of the State's subpoenas. It also argued that if it was required to appear for status on defendant's subpoena then defendant was required to appear for status on the State's subpoenas.

¶ 30    The State misapprehends the ramification of a party not appearing on a return date for

-6-

a subpoena.

¶ 31    The use of subpoenas or " 'compulsory process for obtaining witnesses in his favor' " in all criminal proceedings is a right guaranteed by the sixth amendment to the United States Constitution and is applicable to State criminal proceedings. *People ex rel. Fisher v. Carey*, 77 Ill. 2d 259, 265 (1979) (quoting *Washington v. Texas*, 388 U.S. 14, 23 (1967)). This guarantee encompasses the production of documentary evidence by subpoenas *duces tecum*. *Id.*

¶ 32    On a return date for a subpoena, the trial court may ask the party subpoenaed, *or any other person with a legitimate interest in the proceedings*, whether an objection is raised. The court can then address the objection before releasing the subpoenaed documents. See *People v. Hathaway*, 263 Ill. App. 3d 426, 430 (1994).

¶ 33    The State confuses both parties' conduct in taking advantage of their right "to have compulsory process" with defendant's obligations to appear "as ordered by the court," as stated on defendant's bail bond sheet as one of the conditions of his bail bond. See 725 ILCS 5/110-10(a)(1) (West 2010) (if a person is released upon payment of bail security, he shall appear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court). Here, notices of the State's subpoenas were given to defendant so that, as an interested party, he had the opportunity to object to the production of the documents requested in those subpoenas. *Id.* If defendant had failed to appear on July 9, 2010, for the return date on one of the State's subpoenas[1] he would have waived only his right to object to the production of the subpoenaed documents. However, as we previously held, since defendant did not fail to appear on any court date "set by the court," he did not waive his valid speedy-trial demand.

¶ 34                              B. Delay Occasioned by Defendant

¶ 35    Next, defendant argues that he did not waive his speedy-trial demand because he caused no delay in the proceedings. Specifically, he contends that the only delay during his 160-day speedy-trial window was attributed to the State when it requested and was granted a continuance on August 9, 2010.

¶ 36    We initially note that defendant's argument is based upon the incorrect assumption that if he caused delay in the proceedings he would have waived his speedy-trial demand. Instead, sections 103-5(b) and (f) of the Code make it clear that: (1) a defendant's failure to appear for any court date set by the court *waives* a valid speedy-trial demand; and (2) any *other* delay occasioned by the defendant temporarily *suspends* his demand. See 725 ILCS 5/103-5(b), (f) (West 2010). We have held that defendant did not fail to appear for a court date set by the court and that he could not have waived his speedy-trial demand. Therefore, we need to determine only if defendant's absence on July 9, 2010, caused any delay in the proceedings such that the time period for his speedy-trial demand should have been suspended from that

---

[1]We note, however, that defendant did not fail to appear on July 9, 2010, since he appeared in court through his counsel.

-7-

date until defendant next appeared in court on August 9, 2010, and if the State brought defendant to trial within that additional time frame.

¶ 37    As we have noted, the date for which defendant did not personally appear was only a status date for return on one of the State's subpoenas. Therefore, defendant's absence on that day did not cause any delay in the proceedings. Accordingly, his absence could not have temporarily tolled the speedy-trial time period that began when he filed his demand on April 26, 2010. See 725 ILCS 5/103-5(f) (West 2010). As an aside, we note that, even if a delay had been attributable to defendant, and we fail to see how it could have been, the State still did not bring this case to trial in time to avoid violating defendant's right to a speedy trial. Since defendant filed a valid speedy-trial demand on April 26, 2010, he should have gone to trial by October 3, 2010. Even adding in the period of time from July 9, 2010, when defendant did not appear in court, until he next appeared in court, on August 9, 2010, defendant should have been tried by early November 2010. Instead, he did not go to trial until May 17, 2011.

¶ 38    Finally, at oral argument the State moved to cite *People v. Wigman*, 2012 IL App (2d) 100736, as additional authority. Defendant did not object, and we granted that motion. After oral argument the State also followed up with a written motion to that effect. We take that motion with this case and also grant it. However, the *Wigman* decision is of no help to the State here. In its written motion the State notes that in *Wigman* this court addressed the same statutory section at issue in the instant case and cited the same cases relied upon here in the parties' briefs. While it is true that *Wigman* also dealt with section 103-5(b) of the Code, the similarities between *Wigman* and the instant case end at that point. Whether the defendant failed to appear for a date "set by the court" was not an issue in *Wigman*. Here, however, such a determination is dispositive of the issue of whether defendant waived his speedy-trial demand. Therefore, we find that *Wigman* does not aid our analysis. See *id.*

¶ 39                                    III. CONCLUSION

¶ 40    For these reasons, we hold that the trial court erred in denying defendant's motion to dismiss based upon a violation of defendant's right to a speedy trial. Accordingly, the trial court's order finding defendant guilty of DUI, along with his sentence of supervision and assessment of fines and fees, is reversed.

¶ 41    The judgment of the circuit court of McHenry County is reversed.

¶ 42    Reversed.