# Illinois Official Reports

## Appellate Court

***People v. Galloway*, 2014 IL App (1st) 123004**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DORIS GALLOWAY, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-12-3004 |
| Filed | September 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for driving with a suspended license, failure to give information, and driving left of center were upheld over her contentions that the trial court erred in denying her motion to dismiss based on a speedy trial violation and that her counsel was ineffective in miscalculating the speedy trial term and failing to file a timely motion to dismiss based on the violation of her right to a speedy trial, since a demand for a speedy trial is waived by a failure to appear on a "court date set by the court," that is, the failure to appear on the date and time set by the court, and defendant's late appearance on the date set by the court constituted a waiver of her speedy trial demand, and under those circumstances, her speedy trial rights were not violated and her counsel could not have been ineffective in failing to file a timely motion based on a violation of her right to a speedy trial. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. TT-025-869, TT-025-870, TT-025-872; the Hon. Arthur P. Wheatley, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Rachel Moran, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Tasha-Marie Kelly, and Katerina Alexopoulos, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Justices Gordon and Reyes concurred in the judgment and opinion.

## OPINION

¶ 1    Following a bench trial, defendant Doris Galloway was convicted of the misdemeanor offenses of driving with a suspended license and failure to give information in addition to the petty offense of driving left of center. The trial court subsequently sentenced defendant to concurrent terms of 30 days in the Sheriff's Work Alternative Program (SWAP) for the misdemeanor offenses and supervision for the petty offense.

¶ 2    Defendant appeals, arguing that: (1) the trial court erred in denying defendant's motion to dismiss on speedy trial grounds because her late appearance did not constitute a failure to appear; and (2) her trial counsel was ineffective for miscalculating the speedy trial term and failing to file a timely motion to dismiss on that basis.

¶ 3    In August 2010, the Chicago police department filed multiple complaints against defendant for failure to report an accident, driving while her license was suspended or revoked, driving to the left of the center, and failing to provide information. On September 28, 2010, defendant had her first court date and filed a written demand for a speedy trial. The case was continued on the State's motion until December 16, 2010. At the December 16, 2010, court date, the State requested a four-week continuance.

¶ 4    On January 26, 2011, defendant did not appear at the scheduled court date. The trial court issued a bond forfeiture warrant. Defendant appeared at the next court date, March 8, 2011. Defense counsel moved to vacate the bond forfeiture, which the trial court granted. Defendant also made another written trial demand. On April 13, 2011, the parties appeared for a bench trial, but the State was unable to answer ready because the complaining witness was not present. The case was continued to June 28, 2011. Defendant continued filing her written trial demand.

¶ 5    On June 27, 2011, the day before the scheduled trial, defendant advanced the case and requested a continuance because she was to appear as a witness in an unrelated case. The trial court continued the case until August 4, 2011. On that date, the complaining witness was not present in court and the State requested a continuance.

¶ 6        On September 20, 2011, the case was called for a bench trial and defendant was not present. The police officer witness was present and the State indicated that the complaining witness was on his way. The case was passed. At 10:50 a.m., the trial court called the case again, but defendant was not present. The case was passed again. Later, the case was called a third time and defendant still was not present. The State answered ready for trial with both witnesses present in court. Defense counsel stated that he attempted to contact her, but did not know where she was. The State asked for a bond forfeiture warrant to be issued, which the court granted. Later in the afternoon, the case was called a fourth time and defendant was present. Defendant stated that she went to the Skokie court house because she confused her court date with her son's court date. The trial court vacated the bond forfeiture. The case was continued to November 29, 2011, on defendant's motion.

¶ 7        On November 29, 2011, the State was unable to answer ready for trial because the complaining witness was not in court. The trial court continued the case until February 23, 2012. Defendant filed another written demand for trial. At the February 23, 2012, court date, the State answered that it was not ready for trial. The case was continued until April 3, 2012.

¶ 8        On March 27, 2012, defendant filed a motion to dismiss the charges based on a speedy trial violation. In the motion, defendant argued that April 3, 2012, was the 284th day after her written demand for a speedy trial began on March 8, 2011. Defendant requested that the charges be dismissed because the State failed to bring her to trial within 160 days as required under sections 103-5(a) and (b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5(a), (b) (West 2010)).

¶ 9        On April 3, 2012, the case was called three times and defendant was not present. The State requested a bond forfeiture and warrant for $5,000. The trial court issued the warrant, but noted that it would change the order if defendant appeared. Defendant was present when the case was called for the fourth time and the trial court vacated the warrant. The case was reset for the next day.

¶ 10        On April 4, 2012, the trial court heard arguments on defendant's speedy trial motion to dismiss. The trial court denied defendant's motion, finding that defendant's failure to appear for trial on September 20, 2011, waived her earlier speedy trial written demand.

¶ 11        On May 7, 2012, the trial court conducted a bench trial.

¶ 12        Sohial Ahmed testified that at approximately 1:40 p.m. on February 19, 2010, he was driving east on Peterson in Chicago. He proceeded into the turn lane to make a left turn onto California. When the light was green, he moved into the intersection to make his turn. At that time, defendant crossed the yellow lines, striking Ahmed's car on the left side, striking the driver's side mirror and the fender of Ahmed's vehicle. Ahmed stated that he called 911 to report the accident and was told to come to the nearest police station to file a police report. Ahmed took a photograph on his phone of defendant's license plate.

¶ 13        Both parties went to the police station. Ahmed said that they each told a police officer their version of the accident. After 15 to 20 minutes, the police officer asked defendant for her driver's license and insurance. Defendant stated that she needed to retrieve the items from her car and left. Defendant never returned. Ahmed testified that defendant never gave him her name, address, phone number, or vehicle identification number.

¶ 14        Officer Virginia McLinn testified that she was a traffic specialist with the Chicago police department and she was assigned to follow up on this accident in May 2010. Officer McLinn

mailed a letter to Tanya Lae, the registered owner of the vehicle. Lae later informed the officer that defendant, her mother, had been driving on the day of the accident. Lae gave defendant's name to the officer. Officer McLinn met with defendant on August 23, 2010. Defendant admitted that she was driving the vehicle that day because she needed to pick up her son's medication. She told the officer that Ahmed hit her vehicle.

¶ 15    Following the officer's testimony, the State introduced a certified copy of an abstract from the Secretary of State indicating that defendant's license was suspended on February 19, 2010. The State rested. Defendant moved for a directed finding. The trial court granted the motion on the charge of failure to report an accident, but denied the motion as to the remaining charges.

¶ 16    Defendant testified on her own behalf. She admitted to driving on February 19, 2010, but denied that the accident occurred at approximately 1:40 p.m. She stated that the accident occurred around 3:10 or 3:15 p.m. She said she was driving east on Peterson and proceeded into the turn lane to turn left onto California. Defendant testified that Ahmed drove into the left turn lane and struck her car. She said his driver's side mirror struck the passenger's side mirror on her vehicle. She said there was a police officer across the street, but the officer could not leave his post. She went to the police station and waited for 9 or 10 minutes, but Ahmed never appeared. She said she told the officer she was leaving.

¶ 17    Following closing arguments, the trial court found defendant guilty of driving on a suspended license, failing to provide information, and driving left of center. Defendant filed a posttrial motion for a new trial, which the trial court denied. The trial court subsequently sentenced defendant to concurrent terms of 30 days in the SWAP for driving on a suspended license and failing to give information, and sentenced defendant to supervision with a fine of $200 for driving left of center.

¶ 18    This appeal follows.

¶ 19    On appeal, defendant has raised two issues relating to her speedy trial demands. We first consider whether the trial court erred in denying defendant's motion to dismiss for a speedy trial violation. Defendant asserts that the trial court erred in denying her March 27, 2012, motion to dismiss for a speedy trial violation. Specifically, she argues that her "mere lateness" to court on September 20, 2011, did not constitute a failure to appear on the date set by the court to waive her speedy trial demand. The State maintains that the motion to dismiss was properly denied because defendant failed to appear for the scheduled court date.

¶ 20    "In Illinois, a defendant has both a constitutional and a statutory right to a speedy trial." *People v. Cordell*, 223 Ill. 2d 380, 385 (2006) (citing U.S. Const., amends. VI, XIV, Ill. Const. 1970, art. I, § 8, and 725 ILCS 5/103-5 *et seq.* (West 2002)). The speedy trial statute incorporates a defendant's constitutional right to a speedy trial. *Id.* at 385-86.

¶ 21    Section 103-5(b) provides, in relevant part:

"Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***. The defendant's failure to appear for any court date set by the court operates to waive the defendant's demand for trial made under this subsection." 725 ILCS 5/103-5(b) (West 2010).

¶ 22    Additionally, section 103-5(f) provides, in relevant part:

"Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed by subsections [including

subsection (b)] of this Section and on the day of expiration of the delay the said period shall continue at the point at which it was suspended." 725 ILCS 5/103-5(f) (West 2010).

¶ 23 "The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent." *People v. Comage*, 241 Ill. 2d 139, 144 (2011). "The legislature's intent is best indicated by giving the statutory language its plain and ordinary meaning." *Id.* "To determine the plain meaning, we must consider the statute in its entirety and be mindful of the subject it addresses." *Id.* Statutory construction is a question of law reviewed *de novo*. *Cordell*, 223 Ill. 2d at 389.

¶ 24 Defendant's trial was scheduled for September 20, 2011. When the case was called at 9 a.m., defendant was not present and the State indicated that the complaining witness was on his way. The case was passed and later recalled at approximately 10:50 a.m. At that time, the State answered ready for trial, but defendant was still not present. The case was passed again. When the case was recalled a third time, defendant was still not present and her attorney indicated that he was unable to reach her. The court issued a bond forfeiture and warrant at that time. The record does not indicate the exact time, but sometime in the afternoon, defendant appeared in court. The trial court recalled the warrant, vacated the bond forfeiture, and the case was reset.

¶ 25 In *People v. Zakarauskas*, 398 Ill. App. 3d 451, 452-53 (2010), after several continuances by agreement, the defendant failed to appear on the day the trial was set, October 6, 2006. The trial court entered a bond forfeiture and warrant and continued the case for five days later, on October 11, 2006. The defendant appeared at that date and executed a new written speedy trial demand. The trial was reset for March 20, 2007, and on that date, the defendant moved to dismiss based upon the expiration of the speedy trial term. The trial court initially denied the motion, but on reconsideration, granted the motion and found that the failure to appear only suspended the term and consequently the speedy trial term was violated.

¶ 26 On appeal, the reviewing court observed that a 2000 amendment added the last sentence of section 103-5(b) about waiver. "From 1977 until the 2000 amendment of section 103-5(b), a delay occasioned by a defendant's failure to appear in court suspended the 160-day speedy trial term." *Id.* at 454.

> "The plain language of section 103-5(b) as amended in 2000 manifested the legislature's intent to distinguish a defendant's failure to appear in court from other types of delay, a motion for a continuance, for example, either by the defendant or by agreement. We believe the 2000 'waiver' amendment to section 103-5(b) controls the disposition of this case. Waiver includes the notion of relinquishment." *Id.*

¶ 27 The court concluded that the defendant waived his speedy trial demand when he failed to appear in court. "A defendant's failure to appear as required by recognizance constitutes a criminal offense. 725 ILCS 5/110-2 (West 2004). If we were to treat a BFW incident as comparable to a request for a continuance or other delay, a fugitive defendant would be entitled to the benefit of an earlier speedy trial demand when apprehended and again brought before the court." *Id.*

¶ 28 Similarly, in *People v. Minor*, 2011 IL App (1st) 101097, the defendant made a written speedy trial demand, but later failed to appear in court on August 4, 2009, when the State answered ready for trial. The court passed the case until the afternoon, but when the defendant still did not appear, the court issued a bond forfeiture and warrant. The defendant appeared the

- 5 -

next day and the warrant was recalled. The trial was then set for January 6, 2010. On January 4, 2010, the defendant moved to dismiss based upon a speedy trial violation. The trial court granted the motion, reasoning that the defendant offered an explanation for her absence which tolled the speedy trial period and was distinguishable from *Zakarauskas*. *Id.* ¶¶ 3-8.

¶ 29    The reviewing court disagreed on appeal and found no reason to depart from the reasoning in *Zakarauskas*. *Id.* ¶ 13. "The 2000 amendment to the speedy trial statute clarified that a defendant's failure to appear in court operates as a waiver to a prior demand. Pub. Act 91-123, § 5 (eff. Jan. 1, 2000). The legislature, therefore, distinguished failures to appear from other '[d]elays occasioned by the defendant.' See 725 ILCS 5/103-5(f) (West 2006)." *Id.* ¶ 16.

> "Applying the plain, unambiguous language of section 103-5(b) of the Code (725 ILCS 5/103-5(b) (West 2006)), we conclude that defendant waived her initial speedy trial term beginning on April 21, 2009. The new speedy trial period began on October 19, 2009, when she again filed a demand. The speedy trial term was not tolled, as argued by defendant. As a result, defendant's speedy trial rights were not violated as of January 6, 2010." *Id.* ¶ 15.

¶ 30    Defendant contends that her late appearance in the afternoon of September 20 does not count as a failure to appear for purposes of waiving her speedy trial demand under section 103-5(b). According to defendant, *Zakarauskas* and *Minor* are distinguishable because those cases involved the defendants' "total failure to appear on the scheduled date, rather than a defendant who merely came late to court." Defendant urges this court to interpret the term "court date set by the court" broadly to include an appearance at any time during business hours on the scheduled date. Thus, under this interpretation, defendant's failure to appear for several hours after the scheduled court date would still be considered an appearance.

¶ 31    We disagree with defendant's broad interpretation of "court date set by the court" to encompass arriving at any time during the court business hours. Such an interpretation would defeat the purpose of setting a case for trial at a set time and would permit a defendant to evade trial and avoid the deterrent of waiving a speedy trial demand. Section 103-5(b) provides for a defendant's waiver of a speedy trial demand for "failure to appear for any court date set by the court," which we find encompasses not only the date but the time set by the court. Contrary to defendant's argument, this interpretation is not reading additional language into the statute. We hold, therefore, the "court date set by the court" is the date and *time* set by the court for the case under the plain language of the statute.

¶ 32    The court date at issue was 9 a.m. on September 20, 2011. Defendant's arrival at court sometime in the afternoon was not the "court date set by the court." The State's witnesses were present and ready for trial. It is unreasonable to burden the prosecutors to hold the witnesses to remain at court all day in case a defendant might arrive later. The trial court passed and recalled the case three times before issuing a bond forfeiture and warrant. At that time, defendant had failed to appear in court and we find that when the bond forfeiture order was entered, the defendant failed to appear for the court date set by the court. She thereby relinquished her speedy trial demand. The fact that she appeared sometime later that afternoon does not change the fact that she failed to appear at the "court date set by the court" and the trial could not take place. As in *Minor* and *Zakarauskas*, the failure to appear at the court date set by the court waived defendant's speedy trial demand. Since defendant waived her speedy trial demand on September 20, 2011, her speedy trial demand did not restart until November 29, 2011. At the

time of the March 27, 2012, motion to dismiss, the 160-day speedy trial period had not passed and the trial court properly denied her motion to dismiss.

¶ 33   Next, defendant contends that her trial counsel was ineffective for failing to file a speedy trial motion to dismiss in May 2011 instead of March 2012.

¶ 34   Claims of ineffective assistance of counsel are resolved under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court delineated a two-part test to use when evaluating whether a defendant was denied the effective assistance of counsel in violation of the sixth amendment. Under *Strickland*, a defendant must demonstrate that counsel's performance was deficient and that such deficient performance substantially prejudiced defendant. *Strickland*, 466 U.S. at 687. To demonstrate performance deficiency, a defendant must establish that counsel's performance fell below an objective standard of reasonableness. *People v. Edwards*, 195 Ill. 2d 142, 163 (2001). In evaluating sufficient prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If a case may be disposed of on the ground of lack of sufficient prejudice, that course should be taken, and the court need not ever consider the quality of the attorney's performance. *Strickland*, 466 U.S. at 697. "The failure of counsel to argue a speedy-trial violation cannot satisfy either prong of *Strickland* where there is no lawful basis for arguing a speedy-trial violation." *People v. Cordell*, 223 Ill. 2d 380, 385 (2006).

¶ 35   Here, defendant contends her trial counsel was ineffective for failing to file a motion to dismiss for a speedy trial violation after the term expired on May 28, 2011. The State responds that defendant waived her speedy trial demand when she failed to appear in court on January 26, 2011, and her speedy trial demand started anew on March 8, 2011, making any motion futile. Defendant asserts that her failure to appear on January 26 did not waive her speedy trial demand because the case was not set for trial and defendant had previously agreed to a continuance so the speedy trial clock was not running.

¶ 36   We agree with the State that *Zakarauskas* and *Minor* are analogous to the present case. Contrary to defendant's assertion, section 103-5(b) does not limit a defendant's waiver to failure to appear for a court date for trial. The unambiguous language provides that a defendant waives a speedy trial demand by failing to appear "for any court date set by the court." 725 ILCS 5/103-5(b) (West 2010). Defendant's interpretation that a failure to appear for a status date would add a limitation not present in the plain language of the statute. "Any court date" would clearly include a status date and the failure to appear on January 26, 2011, waived defendant's speedy trial demand.

¶ 37   Additionally, defendant attempts to distinguish *Zakarauskas* by arguing that the court in that case specifically noted that the defendant had a demand running when he failed to appear. However, the case makes no such specification. The case stated that the defendant made his speedy trial demand in April 2006 and "[a]fter several continuances by agreement," the trial was set for October 6, 2006, when the defendant failed to appear. *Zakarauskas*, 398 Ill. App. 3d at 452-53.

¶ 38   The same situation is present in this case. Defendant made her initial speedy trial demand on September 28, 2010. At the December 16, 2010, court date, the State requested a continuance and defendant did not object, which amounts to an agreed delay. See *People v. Patterson*, 392 Ill. App. 3d 461, 467 (2009) (noting that a defendant has occasioned a delay

when he or she agreed to a continuance). Defendant then failed to appear at the next court date, January 26, 2011, and the trial court issued a bond forfeiture and warrant. Under section 103-5(b), defendant's failure to appear at that court date waived her speedy trial demand. Her speedy trial demand commenced anew when she made a written demand on March 8, 2011.

¶ 39 Since defendant's speedy trial period began again on March 8, 2011, no speedy trial violation occurred as of May 28, 2011. Her trial counsel could not have been ineffective for failing to file a motion to dismiss when defendant's speedy trial rights were not violated. Defendant's ineffective assistance of trial counsel argument therefore fails.

¶ 40 Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 41 Affirmed.